THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL LESSER, Appellant.

First Department, June 17, 1952.

*Charles F. Mintz* for appellant.

*Stuart G. Schwartz* of counsel (*Richard G. Denzer* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

COHN, J. In the present *coram nobis* proceeding, initially instituted in December, 1943, defendant attacks his judgment of conviction entered in 1932 upon the ground that the verdict of the jury was obtained by fraud on the part of the prosecuting official; and it is now suggested that defendant was also denied a constitutional right of confrontation of witnesses upon a motion for a new trial made upon the ground of newly discovered evidence. After extensive hearings held in open court, his application for *coram nobis* originally denied by MULLEN, J., on June 28, 1944, was again denied by the same Judge on July 27, 1949.

A motion for a new trial seasonably made based upon the receipt of testimony of Alice Ward was denied by the Trial Judge, and such denial was affirmed by this court. (*Sub nom. People* v. *Lipsky,* 238 App. Div. 777.) In denying the motion for a new trial Judge NOTT, who presided at the trial, added as a basis: " in my opinion, the evidence submitted is not such as would probably have changed the verdict, in view of the affidavit of Mr. D'Esposito to the effect that he rented his garage to the defendant and the defendant's brother and not to the defendant and the complainant."

A motion for a new trial upon the ground of newly discovered evidence under section 465 of the Code of Criminal Procedure is addressed to the discretion of the court. (*People* v. *Patrick,* 182 N. Y. 131, 178.) By subdivision 7 of that section of the law it is provided: "Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence had been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. The court in such cases can, however, compel the personal appearance of the affiants before it for the purposes of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribed."

In passing upon an application for a new trial under that statute, there is no requirement that the court compel the personal appearance of the affiants. (*People* v. *Luciano,* 251 App. Div. 887, affd. 277 N. Y. 348; *People* v. *Eng Hing,* 212 N. Y. 373, 386, 392; *People ex rel. Lesser* v. *Hunt,* 171 Misc. 640, affd. 256 App. Div. 1048 [4th Dept.].). Failure to direct that affiants be called to testify when a motion for a new trial was made before Judge NOTT in the Court of General Sessions did not deprive defendant of a constitutional right. Moreover, the propriety of deciding the motion for a new trial upon affidavits submitted was finally disposed of by this court's affirmance of the judgment of conviction and of the order denying the motion for a new trial.

Defendant's complaint in this proceeding consists of a contention that the motion for a new trial had been wrongly decided and erroneously affirmed on the appeal to this court. This furnishes no basis for a writ of error *coram nobis* (*People* v. *Sadness,* 300 N. Y. 69, 74; *People* v. *Fanning,* 300 N. Y. 593). In *Matter of Hogan* v. *Court of General Sessions* (296 N. Y. 1), the court said at page 6: "Similarly, matters not presented during the trial, if presentable upon a motion for a new trial, would not be ground for setting aside the judgment years after its entry." Nor does the fact that the offense committed by defendant could with propriety have been prosecuted as an extortion rather than for the more serious crime of kidnapping avail him in this proceeding.

The writ of *coram nobis* may not be employed to take the place of a plea for mitigation of sentence under the guise of an unsubstantiated assertion of fraud, misrepresentation, or

under an unfounded claim of denial of constitutional rights. We find no proof of fraud nor do we find in the record a denial to defendant of any constitutional right. There is here no basis for a *coram nobis* writ. However, whether in all the circumstances of this case, defendant has already received sufficient punishment for the crime of which he was lawfully convicted may well be determined on an application for executive clemency which must be addressed to the proper authorities.

The order denying defendant's motion for a writ of error *coram nobis* to set aside the judgment of the Court of General Sessions, rendered March 16, 1932, convicting defendant of the crime of kidnapping should accordingly be affirmed.

Dore, J. (dissenting). I agree that no proof of fraud was established by defendant; but the testimony of the witness D'Esposito adduced at the recent hearing on this writ before Judge Mullen compared or contrasted with D'Esposito's ex parte affidavit submitted, considered and relied on in the original motion before Judge Nott, and in effect made a substitute for Miss Ward's erroneous testimony on the trial, without any opportunity of confrontation, indicates that defendant was deprived of a constitutional right (N. Y. Const., art. I, § 6; U. S. Const., 6th Amendt.).

*People* v. *Luciano* (277 N. Y. 348, affg. 251 App. Div. 887) is clearly distinguishable on its facts; in that case, unlike this, the affidavits on the motion for a new trial were purported recantations by witnesses who had been examined and cross-examined on the trial. In this case, the affidavit is by one who was not a witness at the trial or on the motion; and while there is, of course, no general requirement for a hearing on such applications, on the unique and exceptional state of facts as above indicated, a contrary ruling is indicated.

Accordingly, I dissent and vote to reverse the order appealed from and sustain the writ of error *coram nobis*.

Peck, P. J., and Callahan, J., concur with Cohn, J.; Dore, J., dissents and votes to reverse, in opinion.

Order affirmed.