THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* EUGENE P. WEIL, Defendant.

County Court, Schenectady County, November 5, 1952.

*Emmet J. Lynch, District Attorney* (*D. Vincent Cerrito* of counsel), for plaintiff.

*James H. Gould* for defendant.

LIDDLE, J. Eugene P. Weil, the defendant-petitioner (hereafter referred to as petitioner), upon this application in the nature of a writ of error *coram nobis,* plead guilty with the advice of counsel, Leo W. Spira, on December 18, 1950, in the Schenectady County Court, to twelve of twenty-nine counts of an indictment found by a Grand Jury of the County of Schenectady and transferred by an order of the Supreme Court to Schenectady County Court.

The indictment charged the petitioner with four counts of grand larceny in the first degree; four counts of grand larceny in the second degree; seven counts of petit larceny; twelve counts of a violation of section 1292-a of the Penal Law and two counts of a violation of section 1293-b of the Penal Law. On this indictment, petitioner, with the advice of counsel, plead not guilty.

On December 18, 1950, the date fixed for trial, the petitioner with the advice of counsel, and the petitioner in person as shown by the stenographic minutes, changed his plea from not guilty to guilty to counts one, three, five, nine, eleven, thirteen, fifteen, seventeen, nineteen, twenty-one, twenty-four and twenty-seven, and petitioner by the court was remanded to the custody of the Sheriff of Schenectady County for judgment and sentence, December 27, 1950.

On December 26, 1950, at a recessed term of the Schenectady County Court, the petitioner being present in person and with his counsel, Leo W. Spira, the then District Attorney, Honorable William M. Nicoll, duly arraigned the petitioner, Eugene P. Weil, as a second offender, pursuant to section 1943 of the Penal Law of the State of New York, upon information duly verified by the District Attorney, charging the petitioner with having been convicted of the crime of forgery, a felony in the State of Florida, and sentenced to serve a term of five years in the State Penitentiary in the State of Florida.

The court upon this arraignment, advised petitioner, in the presence of his counsel, of his constitutional rights and his right to a jury trial as to the truth of the information whether he was the same person as charged in such information or not. The petitioner, in the presence of the court and with the learned advice of his counsel, Leo W. Spira, admitted in open court that he was the same person and the petitioner in person used the following language, and I quote: '' I am the same person, sir.''

The court remanded the petitioner to the custody of the Sheriff of the County of Schenectady until December 27, 1950, for imposition of judgment and sentence.

On December 27, 1950, at 10:00 a.m., District Attorney William M. Nicoll, appeared for and on behalf of the People of the State of New York, and the petitioner, in person, with his counsel, Leo W. Spira, appeared. The District Attorney moved the court impose judgment and sentence, whereupon the court announced from the bench in the following language: '' Is

there any good reason at this time why the court should not pronounce judgment and sentence?'' The petitioner, Eugene P. Weil, announced with positive language, '' no, Your Honor.'' Mr. Spira, counsel for the petitioner, reviewed at length the facts and history of the case, at times in eloquent language, and asked for mercy. The court then turned to the District Attorney and asked if he had anything to say. Mr. Nicoll, announced in the following language: '' Nothing to say.'' The court, having the probation report at hand, reviewed portions thereof and imposed sentence as follows:

'' To count number twenty-seven, in which you have plead guilty to Grand Larceny, first degree, securing the sum of One thousand ($1,000.00) Dollars from the Industrial Bank, I sentence you as a second offender to an indeterminate sentence to Clinton Prison at Dannemora, the minimum of which shall be not less than five (5) nor more than twenty (20) years. To count twenty-four, Grand Larceny, first degree, securing the sum of Eight hundred ($800.00) Dollars from the Citizen's Trust Company, the sentence of the court is that you be confined to Clinton Prison at Dannemora for an indeterminate sentence, the minimum of which shall be not less than five (5) nor the maximum twenty (20) years, and count twenty-four is to run concurrently, not consecutively, with count twenty-seven.

'' To count number twenty-one, charging you with Grand Larceny, second degree, the sentence of the court is that you be confined to Clinton Prison which is at Dannemora for an indeterminate sentence the minimum of which shall be not less than two and one-half (2½) and the maximum five (5) years.

'' To count number one, charging you with Grand Larceny, second degree, of Two hundred Dollars, the sentence of the court is that you shall be confined to Clinton Prison which is at Dannemora, likewise at hard labor, for an indeterminate sentence, the minimum of which shall be not less than two and one-half (2½) and the maximum five (5) years, and that sentence and judgment shall run concurrently and not consecutively with count twenty-one, the previous count. However, the counts numbers one and two shall run consecutively and not concurrently with counts twenty-four and twenty-seven.

'' As to counts three, five, nine, eleven, fifteen, seventeen and nineteen, all being misdemeanors, the court suspends execution of sentence and judgment.''

The petitioner was transmitted by the Sheriff of the County of Schenectady to Clinton Prison at Dannemora, where he now is confined.

Petitioner on March 14, 1952, verified his petition upon this application for a writ of error *coram nobis* to invalidate the judgment of conviction entered on December 27, 1950, and sentencing the petitioner to an aggregate term of seven and one-half to twenty-five years, chiefly on the grounds of fraud and misrepresentation in that the District Attorney or one of his assistants had promised petitioner's attorney, Leo W. Spira, that upon sentence they would recommend to the court a suspended sentence.

On April 14, 1952, D. Vincent Cerrito, first assistant district attorney of Schenectady County, duly verified an answer denying each and every allegation and statement as set forth in petitioner's petition and likewise traversed each and every allegation therein contained. On April 15, 1952, this court made an order allowing a trial upon the issues and assigned James H. Gould, a previous assistant district attorney of Schenectady County as counsel for the petitioner.

Upon affidavit of Emmet J. Lynch, District Attorney of Schenectady County, duly sworn to the 9th day of June, 1952, an order of this court was made directing that the Sheriff of the County of Schenectady proceed to Clinton Prison at Dannemora and return the said Eugene P. Weil to the Schenectady County Jail and confine him in said jail pending the trial upon the proceedings herein. (*People* v. *Richetti,* 302 N. Y. 290.)

From the testimony of Leo W. Spira, former counsel for Eugene P. Weil, and from the testimony of petitioner, Eugene P. Weil, together with the exhibits offered and received, it appears that conversations were had between Mr. Spira and Mr. William M. Nicoll, District Attorney, and Mr. Cerrito, second assistant district attorney, that should petitioner, Eugene P. Weil plead guilty, the District Attorney would recommend to the court on the date of sentence, a suspended sentence, or sentence and suspension of the execution thereon on condition that petitioner would make full and complete restitution.

On direct examination Weil testified that, " yes, on the day that I pleaded; the morning I pleaded things were so foggy, it is difficult for me to remember just before pleading what happened." And further on cross-examination by Mr. Lynch, Weil testified that he did not know he was pleading guilty; that he didn't know anything and further he testified that he did not know what was happening in court.

Nowhere does it appear in the record that the court at any time told Mr. Spira, petitioner's counsel, or anyone else what the sentence and judgment of the court would be. On the contrary, Mr. Spira testified that the court had made no commitment whatever.

The District Attorney and witnesses called on behalf of the People denied that any recommendations were made to the petitioner Weil or to counsel for the defendant, that they would recommend to the court a suspended sentence. That the sentencing judge was the only person who could extend to the petitioner consideration at the time of imposing judgment and sentence. In fact, as the court opened for the trial of the petitioner, on the 18th day of December, 1950, with jurors present in the court room and when the District Attorney moved the trial of the petitioner's case, the presiding judge at that time had no opinion other than the defendant was to be tried before a jury.

As to the mental condition of petitioner Weil, the record reveals that Leo W. Spira, then attorney for petitioner Weil, made application pursuant to section 658 of the Code of Criminal Procedure to commit said Weil to the Utica State Hospital for a mental and psychiatric examination. This motion was granted and Weil was transferred to Utica State Hospital, and A. J. Gosline and J. J. Dorey, two qualified examiners did examine the petitioner, Eugene P. Weil, at the Utica State Hospital, as to his mental condition and on the 30th day of October, 1950, filed a report with this court in the following language: "It is our opinion that Eugene P. Weil is sane; that he is capable of understanding the charges made against him and that he can understand the proceedings and is capable of making his defense."

It further appears from the testimony upon this hearing that the petitioner has had considerable experience in various criminal courts. For instance, he was convicted in the State of Florida of forgery as a felony and after spending some time in a penitentiary or jail, by the intervention of petitioner's father to the Governor of the State of Florida, received a conditional pardon. He was convicted on a Federal charge in the State of Arkansas and was sentenced to two years in Leavenworth Prison. That at another time at Los Angeles in the State of California, he overdrew his account and received a suspended sentence there. It appears that petitioner was acquainted with criminal proceedings at the time of his plea.

At the time of the arrest of this petitioner, he was employed by the General Electric Company as sales supervisor for WGY and WRGB at a yearly salary of approximately $10,000. From the court's observation of petitioner on the witness stand, it appeared that he is of superior intelligence and an expert confidence salesman.

Petitioner has not by clear and convincing testimony established that fraud was perpetrated upon him, either by the District Attorney or by the court and further that no misrepresentations were made to the petitioner at the time of his plea or at any time and that he was not suffering from such a state of mind that he did not know the nature and consequence of his acts. On the contrary it appears and appears conclusively, after a careful review of all the testimony, that Eugene P. Weil, on the date of his plea of guilty, knew the nature and quality of his act. That no statutory or constitutional right of petitioner was violated or denied.

The writ of error *coram nobis* may not be employed to take the place of a plea for mitigation of sentence under the guise of an unsubstantial assertion of fraud or misrepresentation or under an unfounded claim of denial of constitutional rights. (*People* v. *Lesser,* 280 App. Div. 441.) The court finds no proof of fraud, nor does it find in the record a denial to the petitioner of his constitutional rights. There is here no basis for a writ of error *coram nobis.*

This court is therefore impelled to deny petitioner's motion for a writ of error *coram nobis* to set aside the judgment of this court rendered on the 27th day of December, 1950. Submit order accordingly.