THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* IRVING ASTER, Appellant.

*Per Curiam.* Defendant, a first offender, was charged with numerous violations of the Multiple Dwelling Law. He had been served with a summons by an inspector of the housing and building department of the city of New York on August 1, 1952. On August 4, 1952, the date when the summons was made returnable, the case was called for trial. Defendant's counsel requested an adjournment which was refused by the court. Defendant thereupon pleaded guilty. No opportunity was afforded him to submit proof of his efforts to fully comply with all violations. On the date of his plea he was fined the sum of $150 or thirty days and given a sentence of thirty days in the workhouse in addition thereto. Execution of the workhouse sentence was suspended until September 8, 1952, pending removal of the violations. The fine was paid. Defendant had never been previously convicted of any violation. The jail

sentence was imposed without investigation of the claims of defendant that some of the violations had already been removed and that all others would shortly be cleared.

In view of the plea of guilty the court, of course, was vested with the power to impose adequate punishment. Ordinarily, we would not be disposed to interfere with the discretion of a magistrate in pronouncing sentence where there is a reasonable exercise of the court's authority. However, we think that in the circumstances of this case there was no justification for imposing a prison sentence upon defendant who was a first offender without an investigation and without affording him a fair opportunity to rid the premises of the violations charged.

The judgment should be modified by eliminating the workhouse sentence and as so modified affirmed.

Cohn, J. P., Callahan, Van Voorhis and Breitel, JJ., concur.

Judgment unanimously modified by eliminating the workhouse sentence and, as so modified, affirmed.