THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD JAMES MOORE, Appellant.— Defendant appeals from an order of Cortland County Court denying his motion by petition in the nature of a writ of *coram nobis*, vacating a judgment of conviction against him as a third offender in that court on May 26, 1952, of the crime of grand larceny in the second degree. The court records and minutes establish that the court was scrupulous in advising defendant of his right to counsel and assuring him representation by the assignment of counsel on defendant's request. Counsel appeared with defendant at all stages of the case from arraignment until the pronouncement of sentence.

The successive proceedings included a plea of not guilty, a subsequent plea of not guilty by reason of insanity, and an eventual plea of guilt. Neither improper conduct on the part of the court or prosecutor nor any denial of constitutional or statutory rights is set forth. Neither coercion, fraud nor misrepresentation on their part is asserted in relation to the procurement of the plea upon which the judgment of conviction was based. Defendant's claim for relief rests entirely on his allegations of his attorney's incompetence, trickery, fraud and misrepresentation. It is not disclosed how such short-comings of the attorney involved or affected either the court or prosecutor. Defendant claims to have delivered to his attorney a document which would have established his innocence, but which was not used in his behalf. Several weeks elapsed between the arraignment and sentencing. If his claim is correct, it is obvious that during such period defendant must have been aware of the fact of his attorney's possession of such document and neglect to use it for his benefit. He does not show that the attorney's neglect, if neglect there was, was unknown to him and that he was thereby prevented, in the exercise of reasonable diligence, from bringing the matter to the court's attention. Since it does not appear that he was without knowledge of the situation as to the document at the time, and since he apparently did not divulge to the court that which he now claims might have been for his benefit, he should not now be heard to ask the court to relieve him of the consequences of his own act. Order unanimously affirmed. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.