■ In the Matter of MURRAY HILL AUTO DRIVING SCHOOL, INC., Petitioner, against JOSEPH P. KELLY, Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination unanimously confirmed, and the petition dismissed, with $20 costs and disbursements to the respondent. No opinion Concur — Botein, J. P., Rabin, Valente and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD NEELEY, Appellant.— Order unanimously affirmed. No opinion. The alleged defects in the proceedings before the Magistrate do not affect the validity of the indictment not otherwise challenged. (*People ex rel. Hirschberg* v. *Close,* 1 N Y 2d 258.) The allegations of incompetence of defendant's counsel and the claim of fraud in respect of counsel and the District Attorney are conclusory and devoid of factual support and hence cannot justify relief by writ of error *coram nobis* (*People* v. *Fanning,* 300 N. Y. 593; *People* v. *Oddo,* 300 N. Y. 649; *People* v. *Moore,* 284 App. Div. 925) and, further, the claims alleged are patently incredible. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.

■ In the Matter of the Construction of the Will of WILLIAM A. COULTER, Deceased. ALICE M. GOUDY, Appellant; PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK et al., Respondents.— Decree unanimously affirmed, with costs to all parties appearing separately and filing briefs herein, payable out of the estate. No opinion. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.

■ UNITED STATES OVERSEAS AIRLINES, INC., Appellant, v. IRVING I. ERDHEIM, Respondent, et al., Defendants.— Order, insofar as it stays all proceedings in this action pending the determination of the vacatur proceedings in New Jersey, is unanimously modified to the extent of permitting all pretrial procedures such as examinations before trial, bills of particulars and motions addressed to the pleadings and, as so modified, affirmed. The record demonstrates that the determination of the issues in the New Jersey proceedings as to the validity of the attachment may be material in the suit here. Under the circumstances, the discretion of Special Term insofar as it stays the trial will not be disturbed. Settle order on notice. Order denying plaintiff's motion to strike out the fifth affirmative defense and permitting defendant to replead the third affirmative defense in mitigation of damages is unanimously affirmed. There are sufficient facts pleaded in the fifth affirmative defense to sustain, on its face, the claim that plaintiff is not the real party in interest. So, too, the allegations of the third affirmative defense, predicated upon plaintiff's failure to exercise its right to intervene in the New Jersey attachment proceedings to enjoin, vacate or quash the writ of attachment, are material on the question of plaintiff's alleged damages based on deprivation of the use of the property attached. Special Term properly permitted pleading of those facts in mitigation of damages. Settle order on notice. Concur — Botein, J. P., Rabin, Frank, Valente and McNally, JJ.