Thomas Dickens, J.
Defendant moves to abrogate the judgment of conviction. It brought Mm a sentence of three to five years in State prison for having had in his possession heroin, feloniously.
Originally, defendant had pleaded “not guilty” to the two counts of the indictment. At a later day he compromised by pleading guilty to the first count, which is the count that charges him with the felonious possession of heroin. The second count was absorbed in the compromise.
Defendant propounds several reasons for taking the present step. They are:
First. A violation of due process by permitting him to plead to a count which in fact was not alleged in the indictment.
Second. This violation was caused by the District Attorney at the plea of guilty when he proceeded thereupon to offer in evidence a glassine envelope as an exMbit (symbolically marked “ Court’s Exhibit 1 ”), and, in so doing, stated to the court that it contained ‘ ‘ seven ounces plus forty-eight grain ’ ’ of heroin, wMch was a “ distortion ” of a smaller amount, that is, “ one ” ounce, the amount actually acknowledged by defendant to have been in Ms possession.
Third. The ‘1 distortion ’ ’ served to influence the sentencing Judge to impose a sentence harsher than that which would have been ordinarily imposed.
Fourth. It also influenced the Parole Board to defer passing upon his accrued privilege of parole.
The statement of offer that brought about tMs situation is as follows: “ Before the pedigree is taken the People wish to offer in evidence as a Court’s exhibit the police laboratory record which shows that this defendant had in his possession a glassine envelope containing seven ounces flus forty-eight grain of heroin, present in a concentration of sixty-three percent.”
(Italics supplied.)
*304 The argument defendant presents in his petition is that, inasmuch as the quantity of ‘ ‘ seven ’ ’ ounces plus ‘ ‘ forty-eight ’ ’ grain amounts to more than the acknowledged quantity of “ one ” ounce, the glassine envelope to which the District Attorney had referred in his statement of offer as containing the larger amount, “ is foreign evidence, * * * and, it does
not constitute the crime to which petitioner plead guilty, nor is it within the ambit of facts alleged within the indictment.” This manifestly is what defendant means when he says that his constitutional right to due process was violated.
Around the axis composed of the integrated cardinal numerals of “ seven ” plus “ forty-eight,” revolves the alleged accusation of fraud and deception practised by the District Attorney upon the court.
Bearing in mind that fraud is a serious charge and that the evidence necessary to establish it must be clear and convincing (Fein v. Starrett Television Corp., 280 App. Div. 670, affd. 305 N. Y. 856), and bearing in mind the failure of defendant to submit any probative proof to substantiate the alleged accusation of fraud and deception other than his dependence for legal sustenance upon the District Attorney’s declaration of a wrong numeral, and bearing in mind the presumption that a prosecuting officer will act honestly and with the view of enforcing properly the criminal law, and bearing in mind the assumption that he, in this instance the District Attorney of this county, as a quasi-judicial officer representing the People, will present all the evidence in a case in his possession (People v. Rodriguez, 13 Misc 2d 1004) — on the basis of all these factors, I am decidedly unable to find any factual substance in support of this charge. On the other hand, it is quite obvious that if anything can be said to be chargeable to the District Attorney, it could be nothing else, at its worst, than a miscalculated quotation; but one, however, unintentionally made.
Moreover, the length of the sentence which defendant had received, tends to strike a discouraging blow at his effort to construe the District Attorney’s misstated quantity to be one steeped in fraud and deception.
Subdivision 3 of section 1751 of the Penal Law, in its dealing with the crime of illegal possession of heroin, provides, as punishment, an absolute minimum sentence of 3 years and a flexible maximum sentence stretching to the extreme of 10 years, to be applied within this range, as a Judge may see fit, according to the circumstances of the particular case. Yet, defendant received as his maximum sentence only 5 years. This maximum term of confinement, being only one half of the statutory *305 extremity of time, leads me to the strong belief that the sentencing Judge took no cognizance of the numerical quantity mentioned by the District Attorney, but guided himself entirely by the actual contents of the glassine envelope, “ Court’s Exhibit 1. ” It is reasonable to presume, therefrom, that the Judge in performing his judical duty did so in accordance with the actual facts contained in the report, and in accordance with any other appropriate data before him at the time of the imposition of sentence. (Cf. People v. Canfora, 9 Misc 2d 930, 931 affd. 6 A D 2d 781, cert. denied 359 U. S. 918.)
Besides, within the maxim that “ 1 That which is proved by the record ought not to be denied ’ ” (People v. Canfora, supra, p. 932), it would be foolhardy to accept as a legal proposition that an official document may, at random or otherwise, be arbitrarily changed or altered or amended by the mere utterance of a misstatement, or by any other peremptory means, at the whim or fancy of any one (the Judiciary not considered here), including a District Attorney or any other public official. (See interesting discussions on the subject of mistakes by public officials involving public documents in Matter of Keough, 179 Misc. 1, and in Matter of White, 124 N. Y. S. 2d 748.)
To make matters more onerous for defendant, the minutes of the plea of guilty record that when the offer of “ Court’s Exhibit 1” was made, defendant’s attorney informed the Judge that he had no objection to its admission. By assuming such position, the attorney indicated either a waiver (People ex rel. Sollazzo v. Jackson, 205 Misc. 691), or a consent. It is axiomatic that “ Consent takes away error,” in the absence of any state of facts denoting illegality or nullity. (Wharton’s Maxims, p. 55.) Of course, as I had pointed out before, I find nothing in the District Attorney’s conduct to warrant a finding of either illegality or nullity.
It should not be overlooked as another point militating against defendant’s position, that, by his plea of guilty, the allegations of the indictment were admitted, and, in consequence, defendant stood before the court as convicted as if a jury had found him guilty of the crime. (People ex rel. Carr v. Martin, 286 N. Y. 27; People v. Quinn, 8 Misc 2d 546, affd, 5 A D 2d 824, 825; People v. Aster, 281 App. Div. 963.) Besides, the plea was made in open court by counsel without protest by defendant, at any time. (People v. Freccia, 284 App. Div. 1020, cert. denied 349 U. S. 964.)
Nothwithstanding these preliminary impediments lying in the pathway of defendant’s move, I have resolved to sidestep them for the moment and to undertake a disposition of .this *306 application, fully, by entering into an examination of its merits, whatever they may be, if any, as a gesture of judicial assurance to defendant that I have left no stone unturned in the process of arriving at a careful determination of his rights.
At this time, this query looms: Unintentional as it was, did the error, or mistake, supposing that it was such, still retain sufficient efficacy as a prejudical act, to produce any damaging effect with regard to defendant’s right to due process, on the assumption, with such aim in mind, that the error could be made a subject of consideration in coram nobis f For answer, I shall proceed to analyze the language of both the allegations of the heroin count in the indictment and the language pertaining thereto in the statute.
The full substance of the count to which defendant had pleaded guilty, charges him with having had in his possession and under his control 1 ‘ one-eighth of an ounce avoirdupois weight and more of a preparation, compound, mixture and substance containing one per centran and more of the alkaloid heroin.” The statute (Penal Law, § 1751, subd. 3) contains like phraseology with the exception that in the statute the disjunctive, “or” is used as the connecting link before the repeated word “more” instead of the conjunctive “ and,” which, as heretofore observed, is employed as the connecting link in the count of the indictment. But, the variance existing between these connecting links, is not to be considered fatal (cf. People v. Kane, 43 App. Div. 472, 473, note, affd. 161 N. Y. 380) in the light of the general rule of liberal construction of indictments (People v. Cadle, 7 A D 2d 65), for “ The words ‘ and ’ and ‘ or ’ when used in a statute are convertible as the sense may require.” (People ex rel. Cohen v. Butler, 125 App. Div. 384, 388; see, also, People v. Frudenberg, 209 N. Y. 218; McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 365, p. 392.)
A careful reading- of the statute under scrutiny, convinces me that the legal principles of the foregoing analysis of statutory construction, envelop within themselves the legislative intent to have such construction of a statute apply to the kind of statute at bar. In other words, a conversion of the word “ or ” of the statute in question into the word “ and,” or, vice versa, of the word “ and” of the indictment herein into the word “ or,” would be in the direction that the sense of the statute under consideration requires, either way.
The subject brings me to the further question: Does the use of the word “ more,” which is defined, inter alia, to mean “greater in amount” (Webster’s New Century Dictionary, *307 1949 ed.), whether linked to the word “ and,” or to the word “ or,” in conjunction with the minimum quantity of possession of the narcotic alleged in the indictment, that is, the fractional figure of 11 one-eighth ’ ’ provided by the statute, cut such a wide swath in interpretation as to warrant the application of the maxim that “ The greater contains the less ”? (Wharton’s Legal Maxims, p. 141; Lowe v. Feldman, 11 Misc 2d 8, affd. 6 A D 2d 684.) If the answer to this question carries legal forcefulness in the affirmative, then it is logical to hold that the statute, by the use of these terms in their respective combinations, furnishes a pliant numerical expansion as the means for proof of quantum, with the minimum figure of ‘ ‘ one-eighth ’ ’ as the basic starting point and with whatever the increase in the quantity of the narcotic might be beyond the minimum, whether expressed by the indictment word “and” or by the statutory word “ or,” interchangeable, which I had indicated earlier, as each is, as the terminal. It follows that when the indictment in this case speaks in the terms of “ one-eighth * * * and more,” or even if it had spoken in the statutory terms of “ one-eighth * * * or more,” which would, as expressed before, make no difference in its objectiveness, the language in either form sets the basic figure of “ one-eighth ” for the mandatory minimum of the allegation in the indictment, and any amount produced as evidence above that, together with this minimum of “one-eighth,” as the total quantum of proof. Consequently, even if the quantity amounting to “seven times plus forty-eight grain,” stated by the District Attorney, were factual, this quantity by way of proof, would, nevertheless, be a compliance with the numerical intention of the statute, which, in my opinion, pertains to the volume of proof, solely.
It is my function as a Judge to give words their usually accepted meaning. (People v. Reilly, 255 App. Div. 109, affd. 280 N. Y. 509.) This I have endeavored to do. My conclusion, therefore, respecting this variance, is that the District Attorney’s misquotation of the quantity of heroin could not have worked to defendant’s prejudice, in any event. I regard it as a mere irregularity, and not as a substantial incident affecting the nature or the extent of the crime itself.
Whether my construction of the language of the statute is correct or not, still the law in no way provides defendant with any remedy in coram nobis. Several principles will shed light on the reasons why it is so.
Undoubtedly, putting the. exhibit in evidence at the time of the plea, was for the edification of the Judge in his deliberation *308 of the sentence to be meted out. Even if classified as a vital error, the misstated numeral cannot lend itself to coram nobis relief. It falls within the prohibitive rules that errors happening at a trial or at a sentence and evidence erroneously received at a sentence, are not subjects for coram nobis relief; and to serve as a view within a wider scope for enlightenment, other instances that are not available in coram nobis are failure to prosecute for less serious crime for the offense, procedural irregularities when constitutional or fundamental rights are not violated, and errors appearing on the face of the record. (People v. Baldwin, 15 Misc 2d 431, motion denied 7 A D 2d 629; People v. Butler, 16 Misc 2d 1100; People v. Lesser, 280 App. Div. 441, affd. 304 N. Y. 903, application for reargument denied 305 N. Y. 569, cert. denied 346 U. S. 840, rehearing denied 346 U. S. 905; People v. Fiato, 206 Misc. 111; People v. Buck, 6 A D 2d 528; People v. Shapiro, 3 N Y 2d 203; People v. Sullivan, 3 N Y 2d 196. See, also, Frank, Coram Nobis [1954-1957 Cum. Supp.], par. 3.02 [a] et seq.)
The writ of error coram nobis may not be employed to take the place of a plea for mitigation of sentence under the guise of an unsubstantial assertion of fraud or misrepresentation or under an unfounded claim of constitutional rights. (People v. Weil, 203 Misc. 68, affd. 281 App. Div. 1054.) It is not a vehicle for additional appeal or belated motion for a new trial which, although available to a defendant after verdict, was not made. (People v. Shapiro, 3 N Y 2d 203, supra.)
As to the action of the Parole Board regarding parole for defendant, it is of no concern here, especially in the light of what has already been said. The grant of parole is a matter of grace, not of right, and is within the board’s discretion, which is absolute. (People v. Shapiro, 3 N Y 2d 203, supra; People ex rel. Kurzynski v. Hunt, 250 App. Div. 378, cert. denied 303 U. S. 654; People ex rel. Bove v. McDonnell, 128 N. Y. S. 2d 643, appeal dismissed 284 App. Div. 937; Correction Law, § 210 et seq.) Be that as it may, defendant’s remedy, if he thinks the board treated his application unfairly or arbitrarily, lies in another forum. (Cf. People v. Burke, 13 Misc 2d 907.)
That this application does not, in the final analysis, come within the purview of any one of the grounds for coram nobis relief prescribed by the authorities as guides in the field of such relief, is quite evident; consequently, it does not merit favorable reception. (See Eli Frank, Coram Nobis, supra, p. 23.)
It is my resolved opinion that defendant’s complaint is to be regarded as nothing more than a ease of wishful thinking, if anything; accordingly, the motion should be denied.
*309 Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to the defendant.