Francis J. Donovan, J.
This is a motion in the nature of an application for a writ of error coram nobis. Defendant seeks to set aside a conviction predicated on his having operated a motor vehicle in excess of a speed limit fixed by regulation of the New York State Traffic Commission.
It is conceded that the regulation had not been filed with the Secretary of State until a time subsequent to the violation.
This application and numerous others pending in this court are predicated on the recent decision by the Court of Appeals holding that such regulations must be filed with the Secretary of State and are not effective until so filed. (People v. Cull, 10 N Y 2d 123.)
In the Cull case the failure to file the regulation was established in the normal course of the litigation and its effect was determined on the appeal.
■ It does not follow that such a defect can he successfully exploited to revive dusty files and rescind convictions where the point was not raised in the regular course.
*306 Where an opportunity is afforded at trial and upon appeal to raise the objection, coram nobis should not generally be available. If a defendant waives such a defense by a plea of guilty or a failure to raise the matter on trial or by appeal, he should not be given the extraordinary remedy of coram nobis. (People v. Sullivan, 3 N Y 2d 196.)
In the latter case Judge Burke noted that this historic writ is an emergency measure called into play when all other avenues of judicial relief are closed to him.
Judge Fuld joined Judge Burke in this comment and also noted that it is difficult, if not impossible, to define the precise limits of the remedy.
Chief Judge Desmond noted the lack of clear-cut rules and stated “ each case must be decided according to its own equities. ’ ’
The State Traffic Commission had the jurisdiction to adopt the regulation. Similar regulations were promulgated to regulate and, in fact, did regulate the movement of traffic throughout this State.
The existence of the regulation was proclaimed by the posting of signs all over this State. Prudent motorists observed the regulations. They were applied to determine liability in civil cases and were enforced by criminal courts and the State Motor Vehicle Bureau with consequent imposition of fines and revocation of licenses.
After the passage of years it was learned that the Constitution required the filing of the regulations with the Secretary of State.
As between the thousand of defendants who had ample opportunity to point out the omission to file in the orderly court procedure and the People of the State of New York where does fundamental justice lie? Where are the equities? Shall the omission of the procedural step of filing, belatedly pointed out, be invoked in behalf of careless or unsafe drivers to the detriment of the public safety and with a substantial monetary loss involved in the refunding of fines ?
It is the opinion of this court that no such public calamity necessarily follows from the Gull case. The principles enunciated by the Court of Appeals in People v. Sullivan (supra); People v. Silverman (3 N Y 2d 200) and People v. Shapiro (3 N Y 2d 203) indicate that coram nobis is not an available remedy in this case. Motion denied.