Thomas Dickens, J.
In this coram nobis motion, defendant Jones questions the integrity and the propriety of the District Attorney in the official conduct of this prosecution instituted several years ago.
Defendant maintains the District Attorney had suppressed material evidence from the inquiring Grand Jury. Such evidence, contends defendant, indicates a homicide by misadventure, not, as charged here, a homicide by felony.
The homicide occurred at the time when defendant had snatched a pocketbook from the person of the woman, the victim of the homicide.
Other than the charge of suppression, the District Attorney is not accused of official malversation.
Defendant enlarges on the scope of the alleged misfeasance as charged to the District Attorney, with this consequent statement, to wit: “ The fraudulent indictment for murder in the first degree put petitioner in constant fear of the ‘ electricchaib and mentally coerced petitioner into pleading guilty to the crime of murder in the second degree to avoid facing the electric-chair”. And, he had 11 no intention to commit any other crime whatever ”, evidently meaning, thereby, that all he intended to do, was no more than to snatch the pocketbook.
From a reasonable reading or the contest of defendant’s petition, I gather that such fear came to defendant from a disturbed and agitated mind engendered by the aftermath of his own wrongdoing, and not from anything said or done by the District Attorney that ‘ ‘ mentally coerced petitioner into pleading guilty.” (Cf. People v. Battice, 6 A D 2d 773, affd. 5 N Y 2d 946.)
As a prelude to the law appertaining to the merits of the chief issue, it should be borne in mind that the prerogative of charging an offense vests in the District Attorney, if he believes the charge to be proper (People v. Lefkowitz, 232 App. Div. 18, affd. 257 N. Y. 560), for it lies within the province of the District Attorney to chart the course of a prosecution (People v. *823 Edwards, 19 Misc 2d 412; see, also, People ex rel. Gardinier v. Board of Supervisors, 134 N. Y. 1, 5); that the assumption is a District Attorney will present all the evidence in a case in his possession (People v. Brancazio, 22 Misc 2d 302, 304; People v. Klein, 6 Misc 2d 289, affd. 4 A D 2d 755, affd. 4 N Y 2d 985); and that the general presumption is an official does not act contrary to his official duty, nor omit any act which his official duty requires of him. (Matter of Whitman, 225 N. Y. 1, 9.)
On the basis of the record at bar, I find that the course pursued by the District Attorney, conformed to the law applicable to the facts here. The independent crime, that is, the snatching of the pocketbook from the person of the victim (whether considered as a larceny or a robbery), became the underlying felony that gave rise to the indictment charging the homicide which resulted therefrom. (People v. Nicoll, 3 A D 2d 64; People v. La Marca, 3 N Y 2d 452.) The District Attorney acted, therefore, well within his province when he charted such course.
The subjects of the collateral issues involved, which follow, are disposed of in brief; they, too, hinder the successful way:
1. Whether defendant had intended to commit another crime, is of no moment at this late date, particularly considering that his simple confession after the plea of not guilty, was entered by him in the presence of his attorney. (People v. Miller, 5 Misc 2d 987, appeal denied 6 A D 2d 1025.) So far as the law is concerned, defendant is held to have intended the natural consequence of his own act. (People v. Fish, 125 N. Y. 136, 153.)
2. Whether insufficient or improper evidence was presented to the Grand Jury, is a contention that may not be raised for the first time after conviction and in a proceeding such as this. (People v. Mulligan, 6 A D 2d 740; see, also, People v. Humbert, 11 A D 2d 628; People v. Manwaring, 3 A D 2d 952; Frank, Coram Nobis, p. 65, par. (3.02 [e]). At this protracted point of time, defendant’s course of conduct amounts, in the present circumstances, to a waiver of objection to the indictment. (People v. Quinn, 8 Misc 2d 546, affd. 5 A D 2d 824; People v. Tarver, 206 N. Y. S. 2d 331.)
Technically, another obstacle to defendant’s disadvantage, is that the allegations of the petition are bereft of corroborative facts. In their bare form, they possess no power in law sufficient to raise a triable issue of fact. They are valueless. (People v. Wurzler, 280 App. Div. 1020; see, also, People v. White, 309 N. Y. 636, 640, certiorari denied 352 U. S. 849.)
Inasmuch as the People, absent evidence to the contrary, are not required to assume the burden of establishing that that *824 which had been done, was regular (People v. Palazzola, 18 Misc 2d 619, 622; affd. 10 A D 2d 844), and inasmuch as defendant has failed to show by sustaining facts any violation of due process (People v. Cruz, 202 N. Y. S. 2d 556; Frank, Coram Nobis, p. 67), I am unable to find merit in defendant’s contention that the District Attorney had committed an act of imposture; consequently, the disposition of this motion calls for a denial. Motion denied.