Thomas Dickens, J.
This coram nobis motion charges the District Attorney with ‘ ‘ permitting the Court Jury [sic] and the defendant to be a victim of fraud.”
The introductory statement leading to this accusation is, “ That the District Attorney * * * failed to either, through inadvertence or otherwise, apprise the jury that the Peoples [sic] principle [sic] witness Frederick Walker for his Co-operation and testimony, did receive, prior to the trial Here — in [sic] A Suspended Sentence in the Federal District Court, Southern District, New York. ”
*115 In both, the prosecution conducted in the Federal court and the prosecution conducted in this court, the subject matter of the crimes was narcotics.
This witness, when cross-examined by defendant’s attorney in the trial at bar, flatly and unequivocally denied that any “ deals ” (the term used by the attorney) had ever been made with the Federal Attorney General or with the arresting Federal agents or with anybody else, in consideration of the testimony which the witness had given in that tribunal after entering a plea of guilty. In explanation of the course he had followed, he avowed that in order to escape a hovering fear of a stiff sentence as the forthcoming consequence of what he thought might prove a losing battle with the law, he voluntarily decided to plead guilty and then to throw himself on the mercy of the court. No coercive measures were used by the Federal authorities. His co-operation with them was volitional. He exculpated the District Attorney from having had any hand in the discussions with the Federal authorities regarding his plea of guilty.
Assuming, arguendo, that the Federal Attorney General had dealt with the witness in the manner asserted by defendant, how can one, in legal principle, fairly say that the District Attorney should be held responsible for the alleged “ deals ’’made with the Federal authorities? If anything, it seems to me that the conviction in the Federal court, had in effect, resolved itself into nothing more than the usual prior conviction, and, had, as such, become merely a component of the witness’ record. This record the District Attorney, with praiseworthy frankness, revealed voluntarily on the direct examination of this witness as part of the People’s case, by showing, besides the conviction in the Federal court, convictions on other occasions.
It is my view that the disclosed facts of the alleged “ deals,” having been traversed by defendant’s attorney, would have made it vain and useless for the District Attorney to cover the same ground, assuming that that was his duty in the first place. “ The law does not require that which is vain and useless.” (Ballentine’s Law Dictionary, p. 1079 [Eng. Trans.].) And, “ The law is not static.” (People v. Morton, 284 App. Div. 413, 417, affd. 308 N. Y. 96; Rozell v. Rosell, 281 N. Y. 106, 114.)
I am inclined towards the further view that the source of disclosure is not held to be the dominant factor of the rule of disclosure, but that the facts themselves are the dominant factor. That this is so, I infer from the following statement made by the court in People v. Savvides (1 N Y 2d 554, 558, infra): “ It is true that in his interrogation the judge elicited some vague answers which might have induced the jury to believe that *116 Mantsinos was i hoping ’ for leniency(Emphasis .supplied.) In other words, so long as the facts become known to the jury, the source of divulgenee, thereupon, becomes, in my opinion, immaterial.
The cases of People v. Savvides (1 N Y 2d 554); People v. Mangi (10 N Y 2d 86) and People v. Zimmerman (10 N Y 2d 430), upon which defendant relies, are dissimilar in essential facts from the case at bar. Each of those cases involved a direct prosecution within the exclusive jurisdiction of the District Attorney in his official capacity and each contained a conceded lie by a witness and each contained a failure by the District Attorney to disclose the lie to the. court. It, therefore, appears to me that the rule of disclosure, based upon the facts enunciated in those cases, has, in the final analysis, no application to the situation here.
I have discussed this motion as if it bears legal merit on the application itself. Actually, however, the entire allegation, which is made the sole nucleus in support of this motion, is set forth in conclusory form without the aid of even a scintilla of proof; consequently, it carries no impressive weight legally and is, by reason thereof, worthless in law. (Cf. People v. Jones, 32 Misc 2d 821.) For the foregoing reasons, this motion is denied.