Thomas Dickens, J.
Defendant was indicted on four counts, each count charging a different crime, to wit: robbery in the first degree, grand larceny in the second degree, assault in the second degree, and criminally possessing a pistol after prior conviction.
On November 9,1959 he pleaded guilty before me to the charge of an attempt to commit the crime of robbery in the third degree, pursuant to a compromise and settlement of the afore-mentioned counts.
On December 9,1959 I sentenced him to State prison to serve a term of not less than three years and six months, and not more than seven years.
But, before declaring the sentence to be imposed at the addiction, I, as I do in all other cases, asked defendant the following specific questions, among others, the purpose of such procedure being to assure myself that the taking of the plea was according to Hoyle from a legal aspect; and, in response thereto, I then received the following answers:
“ the court : Now, do you take this plea of your own free will?
“ the defendant: Yes.
“ the court: Have any threats or coercion been used upon you to take this plea?
“ the DEFENDANT: No, sir. - ...
*207 “ the court: You know what you are doing when you plead guilty to this [indictment] ?
“ THE DEFENDANT: Yes.
And now, defendant moves by this coram nobis motion to vacate the judgment upon two grounds. In opposition, the District Attorney has submitted an affidavit to which a memorandum of law is attached.
The first of these grounds is that his attorney had coerced him into changing the plea by graphically impressing upon his mind the fact that because he was a recidivist, the punishment would be severe should he go to trial and should the outcome prove unfavorable, while, at the same time, his attorney withheld from him the proper advice, which was that the People lacked a favorable case for prosecution; ‘ ‘ All of which was done with deliberate intent to frighten petitioner and, through fear, be discouraged from going to trial and proving his innocence of the charges against him. ’ ’
Considered from a legal viewpoint, this hue and cry, directed at the attorney, amounts, in my opinion, to empty thunder. As stated in Frank, Coram Nobis (p. 34, 1954^-1960 Supp., p. 9): ‘ ‘ A prediction or representation by defense counsel of the length of sentence, even if erroneous, is not grounds for invoking coram nobis, as it has been held that only the fraud or misrepresentation on the part of the court or the district attorney inducing the entry of a guilty plea constitutes a violation of due process of law.” (See, particularly, People v. Vance, 7 A D 2d 661; People v. Brim, 22 Misc 2d 335.) Controlling authority goes so far as to hold that even counsel’s resorting to the admonition of a defendant’s facing death in the electric chair, that is, “ burn in the chair,” if tried and convicted, has been held not to bo an available cause for coram nobis relief. (People v. Battice, 6 A D 2d 773, affd. 5 N Y 2d 946, cert. denied 361 U. S. 967.) Nor is a defendant’s own conceived fear of the electric chair, arising out of imaginary circumstances, an available cause. (People v. Jones, 32 Misc 2d 821; People v. Williams, 33 Misc 2d 538; see, also, generally, People v. Cruz, 202 N. Y. S. 2d 556.)
No accusation of official fraud or misrepresentation is, however, lodged in defendant’s petition. On this score, for further legal principles, see the citations under notes 25.5 and 25.6 on page 34 of Frank, Coram Nobis (Supp., p. 11), and see, also, People v. Moore (284 App. Div. 925, infra); People v. Warnbrand (278 App. Div. 956) and People v. Brown (7 N Y 2d 359, 360).
*208 The minutes of the plea, regarded in law as an official court document (People v. Woodruff, 32 Misc 2d 213) contain not the slightest semblance of a plea ah invito (cf. People v. Mogavero, 9 Misc 2d 197, affd. 7 A D 2d 839; People v. Brim, 22 Misc 2d 335, 339, supra; People v. Moore, supra) but, instead, show, by his answering disclaimer of any coercion used, that his plea was voluntarily taken. (Cf. People v. Howe, 13 A D 2d 556.) “ ‘ That which is proved by the record ought not to be denied. ’ ” (People v. Canfora, 9 Misc 2d 930, 932, affd. 6 A D 2d 781, cert. denied 359 U. S. 918.)
Besides, the allegations appertaining to this complaint of coercion are, conclusions, having for their support solely a chimerical interpretation of an introductory statement made by defendant’s attorney at the time when the attorney had requested of me a change of plea in defendant’s presence. (Cf. People v. Middleton, 14 A D 2d 557; People v. Stevenson, 14 A D 2d 779; People v. Cruz, 202 N. Y. S. 2d 556, supra.)
With respect to the second of the grounds, defendant takes the position that because the accusation in the Magistrates’ Court charged an attempt to rob, whereas the indictment charged an actual robbery, it follows that the complaining witness subsequently testified falsely before the Grand Jury; consequently, * ‘ the indictment was procured through fraud, deceit, trickery, and misrepresentation.” (Cf. People v. Rodriguez, 13 Misc 2d 1004, cert. dismissed 362 U. S. 984.)
This argument, strained in reasoning as is apparent, cannot be made to find favor in the eyes of the law. Even if it were found to be favorable, it still could not, as an attack upon Grand Jury action after conviction and after sentence, lend any aid for relief in coram nohis. (People v. Middleton, 14 A D 2d 557, supra; People v. Jones, 32 Misc 2d 821, supra; People v. Kulikauskas, 5 A D 2d 690, cert. denied 357 U. S. 909; People v. Humbert, 11 A D 2d 628; Frank, Coram Nobis [Supp.], p. 65, supra.) More so is this prohibition effective when considered in the light of the ruling that the power of inquiry by a Grand Jury concerning the commission of a crime is separate from that of a Magistrate and that such Grand Jury power can always supersede that of a Magistrate. (People v. Edwards, 19 Misc 2d 412.) Then again, it is the prerogative of the District Attorney to chart the course of a prosecution. (People v. Jones, 32 Misc 2d 821, supra.)
Furthermore, by entering a plea of guilty, which is equivalent to a conviction by a jury (People v. Brancazio, 22 Misc 2d 302) instead of taking an appeal from the judgment of conviction (People v. Caminito [Noia], 3 N Y 2d 596) defendant waived *209 whatever right he thought he might have had. (People v. Griffin, 13 A D 2d 793; People v. Green, 31 Misc 2d 305; People v. De Groat, 13 A D 2d 557; People v. Walker, 12 A D 2d 964; People v. Wurzler, 278 App. Div. 608.)
The points presented are, without doubt, simple for solution in law. But, inasmuch as I was the Trial and sentencing Judge, I have, after careful deliberation of this application, decided that a full review of the pertinent facts, together with ruling authorities covering different kinds of incidents reflective of the incidents at bar, would be appropriate and prudent if judicially compiled as a concentrated public record, even though the solution, in view of the firmly established principles of law on the questions involved, is, as I have already stated, simple; consequently, the emergence of this elaborate opinion.
Pointedly, to summarize it all, and simultaneously, to be charitable about it, I am convinced that defendant has, to say the least, attempted nothing more than to make mountains out of molehills.
The motion is denied.