In the Matter of the Estate of RUPERT NEUMAYER, Deceased.

Surrogate's Court, Oneida County, June 17, 1938.

*Salvatore J. Capecelatro*, for the petitioner.

*Leo O. Coupe*, for Clara Breckel.

*Holthusen & Pinkham* [*Ferris, Burgess, Hughes & Dorrance*, by *Gilbert R. Hughes* of counsel], for Gertrude Weidinger, John George Neumayer, John N. MacFarlane, guardian of Rupert Neumayer, an incompetent, and John N. MacFarlane, as administrator, etc., of Rupert Neumayer, deceased.

*Newton, O'Connor & Newton,* for George D. Newton, committee of the person and estate of Rupert Neumayer, deceased.

RINGROSE, J.   Rupert Neumayer died in the city of Utica, N. Y., on April 12, 1938, having prior thereto executed an instrument purporting to be his last will and testament, which is dated April 6, 1938.   It appears that said alleged will was executed in the city of Utica, N. Y.   By the terms of this instrument, deceased bequeathed and devised his entire estate to George Breckel, a first cousin, and his wife, Clara Breckel, of the city of Utica, N. Y., and named the former the executor thereof.

On April 16, 1938, a petition for the probate of the alleged will was filed in this court by the executor and a citation issued thereon to the brothers and sisters of the deceased who are named as his only distributees.   The citation was duly served by publication and mailing, pursuant to an order of this court.

On May 16, 1938, the return day of the citation, appearances were filed on behalf of Gertrude Weidinger and John George Neumayer, sister and brother of the deceased, residing in the State of Montana, John N. MacFarlane, as guardian of the deceased, presumably appointed under a decree of the Montana court on an adjudication of his incompetency, and also as administrator by virtue of his appointment by a decree of the District Court of Sweet Grass county, and George D. Newton, of Geneseo, N. Y., a committee of the deceased, appointed in Tompkins county, N. Y.

What, if any, interest either the guardian or the committee as such have in this proceeding which entitles either of them to appear and contest the probate of the instant will or to raise any question whatsoever as to the regularity of the proceeding for probate in this court, does not appear from the record.

On the return date of the citation for the probate of the alleged will, a motion was made on behalf of John George Neumayer, and Gertrude Weidinger for an order dismissing this probate proceeding, on the ground that the decedent died a resident of Sweet Grass county in the State of Montana, and that the domicile of the deceased as well as the validity of the alleged will had been previously and conclusively adjudicated by the Probate Court of Montana;  that by reason thereof, this court was precluded under the rule of comity and the full faith and credit clause of the Federal Constitution from assuming jurisdiction of this proceeding.

An exemplified copy of the record of the District Court of Montana, appointing John N. MacFarlane the administrator of this estate, is in evidence on this motion.   It is claimed on behalf of the respondents that the decree awarding letters of administration on

that proceeding adjudicated the domicile and the invalidity of the will before this court.

The record of the Montana court disclosed that on April 16, 1938, the same day that the petition for the probate of the alleged will of the deceased was filed in this court, a petition was filed in the Montana court by John A. MacFarlane, the guardian of the deceased previous to death, praying that letters of administration on the estate of the deceased issue to said petitioner.

Included in the statement of the jurisdictional facts alleged in the petition there filed is the following: " That your petitioner has made due search and inquiry to determine whether or not said Rupert Neumayer left any will and testament, and that none has been found, and that in making said search your petitioner has discussed the matter with Rupert Neumayer before his death, and with his brother John George Neumayer, and his sister Gertrude Weidinger, since his death, and that to the best knowledge, information and belief of your petitioner said Rupert Neumayer died intestate. That your petitioner has been advised by wire from Attorney Salvatore J. Capecelatro, that during the month of April, A. D. 1938, said Rupert Neumayer attempted to make a will in the State of New York, leaving his property to George Breckel and Clara Breckel who reside at 1110 Parker Street, Utica, New York, and that said will would be probated in Utica, New York and that your petitioner is unable to produce a copy of said will. That said Rupert Neumayer was totally incompetent to make any will whatsoever, and was declared to be an incompetent person by competent Courts of both the State of New York, and the State of Montana; and that said deceased died intestate."

Accompanying the petition and apparently filed simultaneously therewith is the request of Gertrude Weidinger, sister of the deceased, that letters of administration be granted to the petitioner. Pursuant to the practice of that court, May 4, 1938, was fixed as the day for a hearing on said application. Notice thereof was duly served upon the beneficiaries under the provisions of the alleged will, who appeared on said date by attorney and moved for a continuance of the hearing to a date subsequent to May 19, 1938, on the ground that the petitioner was not the proper person to be appointed administrator of the estate, that the evidence necessary to contest the application for the appointment of the administrator could not be presented prior to that time. The motion for continuance of the hearing on this application was supported by an accompanying affidavit wherein the facts of the application for the probate of the alleged will pending in this court were set forth in detail. The motion for continuance was

denied and an order entered thereon, which, exclusive of the caption, is as follows:

" The petition of John N. MacFarlane praying for Letters of Administration of the Estate of Rupert Neumayer deceased, coming on regularly to be heard, and due proof having been made to the satisfaction of this Court, that the Clerk has given due notice in all respects according to law; and all and singular the law and the evidence by the Court understood and fully considered; whereupon it is by the Court here adjudged and decreed that the said Rupert Neumayer died on the 12th day of April, 1938, intestate, in the City of Utica, State of New York; that he was a resident of said Sweet Grass County, Montana at the time of his death, and that he left estate in the said County of Sweet Grass, State of Montana, and within the jurisdiction of this Court.

" It is ordered that Letters of Administration of the estate of the said Rupert Neumayer deceased, issue to said petitioner John N. MacFarlane upon his taking the oath and filing a bond according to law, in the sum of Two Thousand dollars.

" Dated *May* 4th, 1938.

" BENJAMIN E. BERG, *Judge.*

" Filed this 4th day of May, 1938.

" DICK ARMSTRONG, *Clerk.*"

Whether an adjudication of the domicile of the deceased or a determination of the validity of the alleged will was necessary to the entry of the decree ordering letters of administration under the Montana law does not appear, as no proof of the statute of that State is before this court. Whatever may be the law in that regard, the application for the probate of the alleged will of the deceased now pending in this court is not affected, even though the domicile of the deceased was in the State of Montana. (*State of Colorado* v. *Harbeck*, 232 N. Y. 71.) In this case Judge POUND, in writing the opinion of the court, stated: " Testator's right to make a valid will of his personal property which was in the State of New York did not rest upon the laws of Colorado nor make the Colorado Statute of Wills the source of the legatee's title."

In that case, Harbeck, a resident of Boulder, Colo., was in New York with the intention of going abroad. His will and four codicils were admitted to probate on March 28, 1911, and letters testamentary were thereupon issued. In this action the State of Colorado sought to collect a succession tax under the laws of that State. The plaintiff contended that by the application of the familiar fiction of law that the legal situs of the decedent's personal property attached to his domicile in Colorado, although the property was

in fact in the State of New York, and that the State of Colorado had an enforcible lien thereon by virtue of the taxing order entered in that State. The court further held that *mobelia sequunter personam* is not an exclusive rule of universal application, nor does it transfer property into the foreign from the domestic jurisdiction.

While this involved the collection of an inheritance tax assessed by a foreign State, the principles of law there stated are applicable to the facts before the court on this motion.

A question similar to the one here involved arose in *Higgins* v. *Eaton* (202 Fed. 75). In that case the testatrix died at her home in Ann Arbor, Mich., on May 17, 1906, leaving a last will and testament executed in the State of New York on October 31, 1901, and a codicil to this will, dated March 31, 1906, executed in Michigan, which was sent to her brother-in-law, named as her executor, who resided at Eaton, Madison county. The will and codicil was probated by the surrogate of Madison county. The probate of the codicil was contested by a sister of the testatrix, who was a legatee under the will, which legacy was revoked by the codicil. A proceeding was subsequently brought in the Probate Court of Washtenaw county, Mich., by the sister wherein the will of testatrix was admitted to probate by the Michigan court and the codicil denied probate. Subsequently an action was brought by Susan C. Higgins against the executor of the Eaton estate to recover her legacy under the will, but which had been revoked by the codicil. In a determination of that action the court stated (at p. 77): " The maxim *mobilia sequuntur personam* found early a place in the common law and, broadly speaking, is still true. As a general rule personal property is sold, transmitted, bequeathed and succeeded to according to the law of the domicile of the owner. And as that which controls the disposition must necessarily determine the capacity to make the disposition it is included in the general rule that the capacity to make a will is determined by the law of the domicile.

" The general rule exists between States and is international. But its recognition depends altogether upon comity. The country of the domicile has no right to extend its laws beyond its borders. Every State has, as an incident to sovereignty, the power to establish and to regulate the succession of all property, real and personal, movable or immovable, within its territory. The only limit upon its authority is the capacity to make its laws effective. State laws conferring upon State courts power to admit to probate wills of non-residents as affecting local personal property are well within the power of the State."

And (on p. 81): " There is no question in the case about the Michigan decree. So far as there may be property in Michigan that decree determined its disposition. So far as there may be property in other States which recognize the law of the domicile, that decree will likewise control. But so far as the New York assets are concerned, the New York decree controls and in this suit against the New York executor that decree determines his duties."

This case is cited with approval by Surrogate FOLEY in *Matter of McCullough* (129 Misc. 113, 116).

In *Matter of Cornell* (149 Misc. 553, at p. 555) it is stated by the court in the determination of a similar question there involved that " The decree of the State of original probate is not conclusive on the question of domicile or residence but the existence or non-existence of the facts giving jurisdiction to this court to issue ancillary letters is subject to collateral attack. (*Matter of Harriman*, 124 Misc. 320; affd. on opinion below, 217 App. Div. 733; *Taylor* v. *Syme*, 162 N. Y. 513; *Baldwin* v. *Rice*, 183 id. 55; *Matter of Connell*, 221 id. 190.) On the authority of the cited cases this court holds that it has power now to inquire into the matter of domicile and after such inquiry to determine whether there exists jurisdictional basis for the grant of ancillary letters."

In *Matter of Beban* (135 Misc. 25) the question of domicile was in issue. In that case the will of the deceased was probated in California and the testator's residence was adjudicated to have been in that State. On a subsequent application for the probate of the will in New York county the court held in substance that where objections are raised to the regularity of the procedure in the foreign State our courts are not precluded from exercising original jurisdiction in a foreign probate proceeding instituted here, and that the adjudication of the residence of the deceased by the foreign State is not conclusive on our court. As in this case, the executor appeared in the proceeding in the California court.

By the appearance of the executor and the legatees under the instant will in the Montana court they unquestionably submitted to the jurisdiction of that court and are bound by the decree of that court in so far as the assets in Montana are concerned. It does not necessarily follow, however, that the decree of the Montana court precludes the institution of an original probate proceeding in this court, in so far as it affects the personal property of the deceased located within this jurisdiction.

The motion of the respondents to dismiss the application for the probate of the will on the ground that the adjudication of the

Montana court determining that the will of the deceased was invalid, is denied. The motion to dismiss this proceeding on the ground that the domicile of the deceased was in the State of Montana is denied, as the jurisdiction of this court to entertain the application for the probate of the alleged will is not affected by such adjudication. The determination of actual domicile within this State is reserved, subject to proof.

Ordered accordingly.