Paul J. Wedlitz, J.
This is a motion by the defendant Klein to set aside the jury verdict convicting him of assault in the second degree and to grant a new trial upon the grounds that the substantial rights of the said defendant have been prejudiced by reason of: first, the discovery of new evidence which, if it had been available at the time of the trial and had been presented for the jury’s consideration, would have changed the verdict; and secondly, that the District Attorney suppressed certain evidence in his possession, which evidence was discovered by the defendant subsequently to the trial and which, if it had been presented by the District Attorney to the trial jury, would probably have changed the result of the trial.
This court, under authority of subdivision 7 of section 465 of the Code of Criminal Procedure, ordered an open hearing and directed the appearance of the affiant Robert Cook for the purpose of personal examination and cross-examination under oath upon the contents of his affidavit, which is the newly discovered evidence alluded to in this application.
*290 Power to grant a new trial on the ground of newly discovered evidence is of statutory origin and strict compliance with the statute is necessary (People v. Salemi, 309 N. Y. 208, 215; People v. Knapper, 230 App. Div. 487).
Subdivision 7 of section 465 of the Code of Criminal Procedure provides as follows: ‘ ‘ Where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict; if such evidence has been discovered since the trial, is not cumulative; and the failure to produce it on the trial was not owing to want of diligence. The court in such cases can, however, compel the personal appearance of the affiants before it for the purposes of their personal examination and cross-examination, under oath, upon the contents of the affidavits which they subscribed.”
Thus, it is clear that this application must be considered solely upon the affidavits submitted and not on unsworn or hearsay statements. It remains for this court, therefore, to confine itself to the statements made by the affiant Cook and to his testimony taken at the hearing. It is not this court’s province, nor would it be proper to consider the unsupported statements made by defendant Klein’s present attorney who has been substituted for his trial counsel.
In People v. Priori (164 N. Y. 459, 472) the Court of Appeals set forth the requirements of newly discovered evidence which would justify the granting of a new trial as provided for by section 465 of the code, as follows: “ Newly-discovered evidence in order to be sufficient must fulfill all the following requirements: 1. It must be such as will probably change the result if a new trial is granted; 2. It must have been discovered since the trial; 3. It must be such as could have not been discovered before the trial by the exercise of due diligence; 4. It must be material to the issue; 5. It must not be cumulative to the former issue; and, 6. It must not be merely impeaching or contradicting the former evidence. ’ ’
The affiant Cook at the hearing affirmatively stated on more than one occasion that he advised the defendant Klein and also defendant’s lawyer, Mr. Wexler, long before the commencement of this trial with respect to the assault upon Wicks on August 7, 1956. A reading of the following testimony of the affiant Cook adduced at the hearing conclusively establishes this fact. His testimony in this regard is as follows:
At page 383 he testified:
Q. Had you told Mr. Klein prior to that time your story on it? A. Story on what?
*291 Q. With reference to what had happened on August 7th? A. Yes, I did.
Q. When had you told Mr. Klein that? A. A few days after the incident took place.
Q. I can’t hear you. A. A few days after the incident took place.
Q. A few days after the incident took place? A. That’s right.
At pages 387, 388:
Q. What was the name of the attorney that represented Mr. Klein and gave you the phone number? A. Wexler.
Q. What? A. Wexler.
Q. He is the same gentleman who tried the ease when it was on for trial, is that right? A. That’s right.
Q. Had you told Mr. Wexler what the story was? A. Not in detail, no.
Q. How much of it had you told him? Mb. Blake : This is objected to, if the Court please. The Coubt : Mr. Blake, this is the issue of the whole hearing practically. Overruled.
Q. How much if it had you told him? A. I told him the entire story.
Q. You told him the entire story? A. That’s right.
And further at page 401:
By the Court:
Q. Mr. Cook, your alleged statement here states that on August 7, 1956 that an incident happened, is that correct, with respect to Wicks? A. That’s right.
Q. When did you tell Klein or his lawyer about this incident, the date or thereabouts? A. I’d say August 9th, approximately.
Q. And on August 9th of that year, 1956, you.told whom? A. Klein.
Q. Was that oral? A. Yes, yes.
Q. Did you write down at any time these incidents as they occurred? A. No, I did not.
Q. Were you asked at any time to write down the incidents as they occurred on that date? A. No.
Q. So that on August 9th, two days after August 7th when the alleged incident occurred, you told Klein personally in substance the information contained in your affidavit? A. That’s right.
Cook’s testimony at the trial itself is also significant. There he stated as follows:
Q. Now, you heard about Klein being apprehended, didn’t you? A. Yes, I was told about it.
*292 Q. Did you go tell the police that- A. No, I did not.
Q. That you had Klein’s ear? A. No, I did not.
Q. Did you report it to anybody? A. I discussed it with Klein.
Q. With Klein himself? A. That’s right.
Q. When did you discuss it with Klein? A. Three, possibly four days after he was apprehended.
Q. Did he ask you to go to the police? A. He asked me if I would go to the police if the time ever came.
Q. What? A. He asked me if I would go to the police if the time ever came that he requested me to come, to come forward.
Cook appeared at the trial as a witness for the defendant Klein. It was obvious to this court at that time, not only from Cook’s demeanor, evasive answers and failure to remember, that no credence could be given to his testimony and he was unworthy of belief. At the trial when identification of both defendants Klein and Cirrillo was presented to the jury, positive and convincing identification of defendant Klein was made. At the hearing on this motion also, Cook, when asked as to whether or not questions and answers given by him at the trial were true, again resorted to a series of evasive answers and indulged in shifting and hedging tactics designed obviously to assist the defendant Klein in an abortive attempt to mislead this court. Were this court to grant the present application on the basis of what is before it would invite contempt of its authority. It is patently clear that the evidence now offered is not newly discovered. On the contrary, it was known months before the trial by the defendant and his attorney and could have been offered in defense to the charges contained in the indictment.
With respect to the claim that the District Attorney suppressed evidence, the District Attorney denied withholding any facts in his possession from the jury. No proof to the contrary was presented to this court other than counsel’s statement that Mrs. Anderson effected the transfer of the red car in question on the 7th day of August, 1956. It is not a sufficient excuse for failure to procure a witness’ affidavit that the witness refused to make the affidavit and that the court could compel his attendance upon application. In the absence of showing that the prosecuting attorney had knowingly and intentionally suppressed evidence, the claim now made cannot be considered (People v. Cacopardo, 305 N. Y. 883).
On the trial a James V. Buccellato testified that he was connected with the Motor Vehicle Bureau and that People’s Exhibit No. 4 was a photostatic copy of the registration issued *293 to Julius F. Klein on August 7, 1956 covering a 1948, two-door, maroon Nash. This exhibit was examined by the jury. It must be assumed that the District Attorney as a “ quasi-judicial officer ” representing the People of the State, presented all the evidence in the case in his possession. Moreover, the facts of the transfer and registration, which defendant contends were in the alleged affidavit of Mrs. Anderson, were known to defendant Klein prior to the trial. If this evidence was so material and important to his defense, as he now claims, he had ample opportunity to present the same after the issue was first raised at the trial by the People.
The application for a new trial is denied.