Thomas Dickens, J.
Defendant’s charge underscoring this motion in coram nobis designed to nullify the judgment of conviction herein, is that the District Attorney had used perjured testimony to attain this conviction in 1947, although he had had knowledge of the existence of the perjury.
Such alleged charge of misfeasance or malconduct, if established, will command the granting of the relief. (People v. Wurzler, 280 App. Div. 1020; Matter of Meisel, 133 N. Y. S. 2d 534; People v. Klein, 6 Misc 2d 289, affd. 4 AD 2d 755.)
Assuming, arguendo, the affirmative of this charge, that is, that perjury had pervaded the People’s case, nevertheless, does defendant present probative facts, reflective of perjury, that tend to link the District Attorney to knowledge of the existence of the. perjury? Without the support of this link, the charge must fall, and the motion must be denied. (See citations, supra.)
At the outset, it may he stated that probative facts serving in any wise to link the District Attorney with knowledge, are entirely lacking.
Instead, defendant, being thus without the availability of such facts, artfully pursues, what appears to he, an improvised line of farfetched reasoning in the hope of shaping a tying link.
He argues that, in view of the revealing consequence of the only eyewitness’ affidavit made in 1955 changing one facet of the latter’s testimonial version (whether material or not is *1006 of no moment here) given at the trial in 1947, the net effect of this affidavit is that when the arresting officer at the time of the arrest had, in a short-form affidavit underlying the start of the prosecution in the Magistrates’ Court, alleged that “ deponent is informed by the People of the State of New York ” relative to the nature of the accusation against defendant set forth therein, it must follow that, repeating defendant’s own language, “ the district attorney knew— as to what happened — was false.” (Emphasis supplied.) In other words, the use of this allegation by the police officer is interpreted by defendant to mean that inasmuch as the District Attorney had been the prosecutor for the People, he must have done the informing; therefore, the District Attorney, who is regarded as the “ People of the State of New York,” having been the informant, had had knowledge of the existence of the alleged perjury.
I cannot subscribe to such fallacious reasoning. It cannot hold water either in law or in logic.
A criminal action is prosecuted in the name of the ‘ people of the State of New York, as plaintiffs,” against the party charged with crime. (See Code Crim. Pro., § 6; General Construction Law, § 18-a; City of Buffalo v. Neubeck, 209 App. Div. 386; People ex rel. Gardiner v. Olmstead, 25 Misc. 346.) By way of an illustrative construction of the meaning of “ People of the State of New York,” the following excerpt is offered from the case of Pickell v. City of Utica (161 App. Div. 1, 4, affd. 216 N. Y. 740): “ the phrase * * * is the usual and accepted one to designate the sovereign ”. And sovereign in turn is defined to mean “ the supreme power in a government.” (Ballentine’s Law Dictionary [2d ed.], p. 1216.)
Obviously then, the phrase, “People of the State of New York ” (most likely, set language at that time used in short-form affidavits), wa's signally intended as the form of expression to symbolize the sovereignty of the State of New York in this criminal prosecution brought in its name. So that this allegation in fixed form made by the arresting officer, had for its aim, no doubt, the pointing out of the sovereign for the police officer’s authority, and not, as defendant would have me believe by means of specious inference and deduction, the designating by indirect personification of the District Attorney as one performing the duty of his office in the role of sovereign.
The District Attorney is only a public prosecutor representing the People of the State. (Matter of Quinn, 2 App. Div. 103, affd. 152 N. Y. 89; People v. Klein, 6 Misc 2d 289, affd. 4 A D *1007 2d 755, supra.) He is not the sovereign power. (Ballentine’s Law Dictionary, supra.) His official duties are specifically governed by sections 700 and 927 of the County Law. He is an officer of the court, but only to the extent that all attorneys are officers of the court. (Matter of McDonald v. Goldstein, 273 App. Div. 649.)
To hold with defendant would entail sanction of a process of reasoning which not only has for its sustaining ingredient an illogical point of view regarding the relative bearing on the status of the “ People of the State of New York ” and of the District Attorney toward each other with respect to the prosecution of this case, but also has for its sustaining ingredient the unacceptable method of proof by surmise or guess or conjecture (Devlin v. Mayor, 4 Misc. 106, 115) to arrive at “ what might or must have been.” (People v. Sacks, 276 N. Y. 321, 328.)
Imagined proof is no proof. (People v. Perry, 277 N. Y. 460, 464.) Courts deal with substance, not with shadow. (Aron v. De Castro, 13 N. Y. S. 372, 373, affd. 131 N. Y. 648.) “ ‘ [W]hat never was, never ought to be ’ ” quoted the court in Ryan v. New York Cent. R. R. Co. (35 N. Y. 210, 216). “In matters which are clear there is no room for conjecture.” (Ballentine’s Law Dictionary [2d ed.], p. 624.)
Proof grounded in surmise or conjecture, is proof imagined. It is without legal core and but a shadow. It is not of any material value in law. (People v. Sacks, supra; Devlin v. Mayor, supra.) It is neither more nor less than a hiatus as a link in a chain of proof. Such form of link is' no link. Paraphrased somewhat, the proverbial saying that no chain is stronger than its weakest link (Seidlitz v. Auerbach, 230 N. Y. 167, 173) may be made to read in its juridical form that no chain of legal proof is stronger than its weakest legal link,— in this instance, its hiatus.
It follows that defendant, being chargeable with knowledge, like anyone else, that the law, civil or criminal (Matter of Investigation of [Connty of Kings), 286 App. Div. 270) requires the production of the best evidence (Dearing v. Pearson, 8 Misc. 269) must be held to have failed in meeting this burden.
" ' Adherence to our fundamental rules of evidence is the safest and wisest way to administer the criminal law.’ ” {People v. Nicosia, 164 Mise. 152, 160.)
The failure of defendant to sustain his bare charge leaves untouched in application here the principles of law that it must be presumed that a prosecuting officer will act honestly *1008 and with the view of enforcing properly the criminal law (.People v. Tavormina, 257 N. Y. 84, 92) and that it must he assumed that District Attorney, as a quasi-judicial officer, representing the People of the State, will present all the evidence in a case in his possession. (People v. Klein, 6 Misc 2d 289, supra.) Also, untouched is the presumption of regularity existent in a criminal proceeding. (People v. Smyth, 3 N Y 2d 184, 187.)
I see no valid reason for interfering with the judgment of conviction. Motion denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.