Thomas Dickens, J.
This motion by plaintiff for leave to reargue the original motion which had resulted in an order vacating a warrant of attachment for having failed to serve a summons and complaint on defendant personally and in time, as required by statute, is granted.
Plaintiff singularizes that a misthought in the construction of the law had led to the adverse ruling of its original motion.
Its contention is that ‘ ‘ where as here, a solicitor in Canada has undertaken in writing to accept and enter an Appearance for the defendant herein, all pursuant to Canadian statute, as was done in this case, it is equivalent to service on the defendant himself.”
In its supporting brief, plaintiff further states that the manner of having effected service of the summons and complaint was in the form of a service “ pursuant to the provisions of sections 905 and 233 of the Civil Practice Act,” within the 30-day statutory period ‘1 by securing in writing an acceptance thereof from the defendant’s solicitor, the defendant having authorised him so to do ”. (Italics supplied.)
This alleged acceptance is the hinge on which the question of law raised now by plaintiff, turns. It reads as follows:
‘ ‘ Mr. Gray has authorized me to accept service of the summons with notice issued on behalf of the Earl S. Peed Organization against him dated at New York on April 25, 1963.
*472 111 acknowledge that you have given the document to me and 1 accept service of it (underscoring ours)
Before proceeding to invade the archives of the law for the solution, it is to be noted here that no authorization of any kind from defendant himself, has been submitted to bolster the Canadian attorney’s self-serving or hearsay statement, “ the defendant having authorized him so to do. ’ ’ And, then again, no proof has been submitted to show that the solicitor mentioned, represented defendant at the time of the alleged service of the process and its acceptance.
Attention is also called to the fact that reference in plaintiff’s brief to a Canadian rule as to service of process, is not borne out by any kind of printed copy of such a rule.
Now, coming down to the law, assuming, arguendo, that I take judicial notice of the Canadian rule pursuant to former section 344-a of the Civil Practice Act, or pursuant to the present subdivision (b) of rule 4511 of the Civil Practice Law and Rules (see CPLR, §§ 101, 10003) — an adoption which is permissive regarding a foreign law, not mandatory (Pfleuger v. Pfleuger, 304 N. Y. 148, 152), and an adoption which I do not, in the circumstances of this case, assume absolutely but only for the purpose in hand — still I find that the service made by plaintiff does not, on its own stated facts relative thereto, consort with the requirement of the law dealing with the appearance of an attorney in behalf of a nonresident.
The following judicial views sum up the law regarding an attorney’s appearance for a nonresident, with cold comfort to plaintiff.
In Matter of Stephani (75 Hun 188, 190) is found the following language: “It is true that the attorney, in the verification of the petition, states that he is authorized to sign the petition, but that is only his conclusion * * *. If the court was in
possession of the evidence upon which the attorney concludes that he is authorized to appear for the non-resident it might be that it would come to a different conclusion from the attorney. It is well settled that by the appearance of an attorney for a non-resident the court acquires no jurisdiction if it should appear that such appearance was unauthorised.” (Italics supplied.) (See, also, Amusement Securities Corp. v. Academy Pictures Dist. Corp., 251 App. Div. 227, affd. 277 N. Y. 557; Matter of Ford, 98 Misc. 100.)
In the cited Amusement Securities Corp. case (supra) the court said (p. 230): “ The conduct, acts, or statements of such attorneys, presumably in appellant’s behalf, whether inadvertent or deliberate, are not binding upon him in the absence of affirma *473 tive proof of authority to appear [citing cases]. It must be shown that appellant, the non-resident party, himself did something directly or indirectly which conferred upon the New York attorneys the claimed authority to appear. This record is barren of any proof.” (Italics supplied.)
Again on page 230: “A non-resident is entitled to have an unauthorized appearance set aside upon motion in the action and may have the judgment set aside absolutely and unconditionally upon a motion to vacate it.”
The law, civil or criminal, requires the production of the best evidence. (People v. Rodriguez, 13 Misc 2d 1004, cert. dismd. 362 U. S. 984.) Plaintiff’s application is drastically scant of such kind of evidence; consequently, this shortcoming makes against it for judicial approval of its application. In a word then, the motion must be denied.
Motion denied. My previous ruling on the prime motion stands intact.