■ In the Matter of Frederick E. Winkler, Deceased. Marie F. Winkler, Appellant, v Tatiana Winkler, Respondent.— Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered September 4, 1990, which, *inter alia,* denied

petitioner's application for an order determining that New York County was decedent's domicile and which determined that Suffolk County was his domicile and directed that the proper venue for all proceedings related to the Estate of Frederick E. Winkler was Suffolk County, unanimously affirmed, without costs.

The record clearly establishes that respondent met her burden of proof as to decedent's intention to be domiciled in Suffolk County (SCPA 103 [15]; *Matter of Newcomb,* 192 NY 238, 250-251). Intention is determined by the conduct of the person and all the surrounding circumstances *(Matter of Ferris,* 286 App Div 631), which may be proven by acts and declarations *(see, Matter of Wendel,* 144 Misc 467). Documentation, including voting records, passport, marriage certificate, driver's license, as well as the testimony adduced, was sufficient to show that it was decedent's intention that his home in Seaview, Fire Island, was to be his domicile, although he only resided there seven months of the year and spent the other months in his two other homes. *(See, Matter of Wendel, supra.)* Concur—Murphy, P. J., Milonas, Ross and Asch, JJ.