OPINION OF THE COURT
Eve Preminger, S.
The executrix of decedent’s Canadian situs property will and the residuary beneficiary of her universal will have jointly moved for summary judgment dismissing claims made by the estate of decedent’s husband with respect to certain *83 funds held in decedent’s account at a New York branch of Bank Leu, Ltd. at the time of her death.
Decedent died in Paris, France on April 5, 1987, survived by her husband, from whom she had been separated pursuant to a French judgment of separation dated June 30, 1983. Decedent left a number of testamentary instruments, which have been the subject of protracted litigation over the past five years in this court and in courts in Florida, Canada and France. Decedent’s universal will was admitted to probate in Grasse, France on April 23, 1987. It governs the disposition of all of decedent’s assets except certain Canadian and United States property, the disposition of which is governed by a Canadian situs property will admitted to probate in Montreal, Canada on January 15, 1988 and a United States situs property will admitted to probate in Florida on April 11, 1990.
The Florida fiduciary of decedent’s United States situs property will commenced an action in this court in 1987, seeking New York ancillary probate. In connection with that contested proceeding, decedent’s husband’s estate (Estate of Bouillet) sought a hearing to determine the disposition of the Bank Leu funds. Petitioners intervened in the proceeding and have now moved for summary judgment dismissing the claims of the Estate of Bouillet.
In claiming the disputed funds, the Estate of Bouillet alleges that decedent died a domiciliary of France and that French law is applicable. Under French law, certain gifts between spouses remain fully revocable. Claimant’s premise is that decedent received the disputed funds as a result of gifts from her husband, which gifts remained revocable and were revoked by Mr. Bouillet after decedent’s death, in accordance with French law. Alternatively, the Estate of Bouillet alleges that the marital community property regime entered into between decedent and Mr. Bouillet was not definitively liquidated by the French judgment of separation dated June 30, 1983, and that the Estate of Bouillet is entitled to share in the disputed funds as a matter of French community property law.
Presently pending in Paris, France are proceedings commenced by Catherine Pichard, the daughter of Mr. Bouillet who is the beneficiary of his estate. By judgment entered January 22, 1992, the French court dismissed Ms. Pichard’s community property claim, holding that the community property regime of decedent and Mr. Bouillet was definitively *84 liquidated by the judgment of separation dated June 30, 1983, but refused to dismiss her claim that gifts made by Mr. Bouillet to the decedent had been effectively revoked. The French court designated an expert to investigate the issues of fact regarding alleged transfers between Mr. Bouillet and the decedent and directed the expert to issue a report of his findings by September 15, 1992.
Although petitioners have submitted a translation of the recent French judgment to this court, they have not addressed the question of its effect on these proceedings. Nor have they explained why the finding as to the presence of factual issues is not fatal to their motion for summary judgment. Surprisingly, petitioners also have not indicated their view of the effect on these proceedings of the Florida court’s determination on April 11, 1990 that decedent died a domiciliary of Canada.
To the extent that decedent’s domicile need be determined by this court, factual issues clearly exist. Although the parties agree that decedent maintained residences in France, Canada and Florida, that she was a citizen of both France and Canada and traveled among all three jurisdictions in the final years of her life, and that she died in France, the various affidavits conflict as to decedent’s presumed intentions with respect to the establishment and/or change of domicile. Admittedly, decedent was a domiciliary of France until at least the mid-1970’s. At issue is whether she then changed her domicile to that of Canada or Florida, and if having made a change, she reverted to a French domicile prior to her death. Since change of domicile is strictly a question of fact, its determination traditionally requires a hearing (see, Matter of Winkler, NYLJ, Aug. 13, 1990, at 20, col 5, affd 171 AD2d 474). Neither party has addressed the issue of whether French law might nonetheless be applicable even if decedent were a Canadian domiciliary, under Canadian conflicts of laws principles.
To the extent that French law is applicable to the question of the revocability of gifts, the parties are in dispute as to its relevant principles. Although petitioners’ experts assert that French law permits revocation of gifts only where such gifts have been memorialized by notarial documentation or a signed receipt of the donee, neither of which are available here, the expert for the Estate of Bouillet asserts that all gifts, with the exception of modest gifts resulting from custom and usage, remain fully revocable, as a matter of public policy.
*85 Although the existence of questions of foreign law need not preclude the granting of summary judgment (Martens v Bethel, 51 Misc 2d 202), this court is not mandated to take judicial notice of foreign law and may require testimony at a hearing (CPLR 4511 [d]; 5 Weinstein-Korn-Miller, NY Civ Prac If 4511.02; Matter of Strauss, 75 Misc 2d 454; Peed Org. v Gray, 40 Misc 2d 471). The extensive disagreement among the parties’ experts as to the applicable French law, coupled with the experts’ meager citation of authority for their respective positions, necessitates a hearing to resolve the disputed issues of law.
It is well settled that summary judgment is a drastic remedy substituting a determination exclusively based on pleadings, affidavits and other papers for a full trial (Friends of Animals v Associated Fur Mfrs., 61 AD2d 141; Crowley’s Milk Co. v Klein, 24 AD2d 920) and should be invoked only when it is clear that no genuine issue of fact exists (Andre v Pomeroy, 35 NY2d 361; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439). Where, as here, it is clear that a number of factual issues exist, summary judgment is inappropriate. Accordingly, petitioners’ motion for summary judgment is denied.