OPINION OF THE COURT
Michael H. Feinberg, S.
This uncontested probate proceeding raises a number of novel issues. On April 7, 1997, the decedent, a domiciliary of Brooklyn, executed two wills while in Israel. Both wills were drawn in Israel and appear to be mirror images of each other. The first will was in Hebrew (the Hebrew will) and the later will in English (the English will). The Hebrew will has been probated in Israel. Proponents seek original probate of the English will in New York.* They also seek a construction of the wills, contending that certain language appearing in the Hebrew will, but not in the English will, was included due to a typographical error, and should therefore be ignored.
The facts present an interesting variation in the law of duplicate original wills. Typically, the duplicates are carbon copies or photocopies and, as such, are identical word for word. Therefore, the main concern raised by the execution of duplicate wills is whether all the signed copies have been produced (see, Matter of Andriola, 160 Misc 775; 1 Klipstein and Bloom, Drafting New York Wills § 3.05 [3d ed 2000]). Failure to produce all the executed copies may lead to the inference that the decedent destroyed the will animo revocandi (Matter of Staiger, 243 NY 468; Matter of Kennedy, 167 NY 163). Where multiple copies are executed, all the instruments constitute the testator’s will (Crossman v Crossman, 95 NY 145; Matter of Robinson, 257 App Div 405; Matter of Konner, 101 NYS2d 651), although only one of the executed copies is probated (Matter of Andriola, 160 Misc 775, supra; see also, Crossman v Crossman, supra; Roche v Nason, 185 NY 128).
Where the testator executes a translation of an executed will, a second issue is raised, namely, which version controls. Given the vagaries of the skill of the translator and the transla *809 tion process, it is unlikely that the instruments will agree with each other exactly. Usually, when the testator executes different instruments, the one executed later in time revokes the prior ones. However, where the wills are translations of each other, it would appear that the intent of the testator is that the wills be treated as identical copies, notwithstanding the differences in translation. Therefore, the wills should be treated as duplicate originals. Since the instruments are not truly identical, it follows that all the executed translations and the English will should be probated as one document.
The affidavits of the attesting witnesses filed with the court show that both wills were duly executed in accordance with the requirements of EPTL 3-2.1. The competence of the decedent to make a will and his freedom from restraint have been established with respect to such instruments (SCPA 1408 [2]). Inasmuch as the testator is a domiciliary of Rings County, the wills shall be admitted to original probate by the court, notwithstanding the probate of the Hebrew will in Israel. Accordingly, the original of the English will and the certified copy of the Hebrew will shall be probated as one instrument. Letters of administration, c. t. a., shall issue to proponents upon their duly qualifying according to law.
Turning next to the construction issue, the dispositive provisions of both wills are identical. However, in paragraph 5 of the Hebrew will, there was clearly a typographical error. Paragraph 5.A. of the Hebrew will provides that, “I direct that at the closest possible date after my death, the executors of my estate will be appointed, who will also serve as trustees for the purpose of executing all the instructions of my Last Will and Testament. And Ms. Adina Hirsch of Rehov Shalom Aleichem 2, Afula, both from the State of Israel.” (Emphasis added.) Paragraph 5.B. provides that, “My specific wish is that attorneys David Menea of 35 Jabotinsky Street, Ramat-Gan and Ms. Adina Hirsch of 2 Shalom Aleichem Street, Afula, both from the State of Israel, be appointed as executors of my estate, as stated in the aforesaid sub-paragraph A.” The English will does not have the extraneous reference to Ms. Hirsch. However, the wills provide that in the event that there is any difference between the two wills, the Hebrew will is to prevail. It seems clear that the reference to Ms. Hirsch in paragraph 5.B. was inadvertently included in paragraph 5.A. of the Hebrew will. Accordingly, this partial sentence is deemed to be a scrivener’s error and has no effect.
Finally, probate of the English will raises the issue of the applicability of SCPA 2307-a (the Statute). The Statute provides *810 that attorneys who are named as executors in wills that they draft must make certain disclosures (SCPA 2307-a [1]). Failure to make the required disclosures and to obtain written acknowledgment of the disclosures subjects the executor to a reduction of the executor’s commission to one half the amount he or she would ordinarily receive (SCPA 2307-a [5]). The requirement of disclosure applies to all wills drafted after January 1, 1996 (SCPA 2307-a [9] [a]) “to be proved in the courts of this state” (SCPA 2307-a [1]).
In the instant case, the will was drafted after 1997. Moreover, since the testator was domiciled in New York, ancillary probate is inappropriate, even though the Hebrew will was probated in Israel (Matter of Gifford, 279 NY 470). Therefore, the proceeding is one for original probate, requiring it to be proven in this court. Accordingly, the Statute applies.
It may seem as if the court were extending New York’s ethical considerations to lawyers practicing in foreign jurisdictions. Yet, analysis of the legislative history shows that while the issues raised by the appointment of the scrivener as executor does raise ethical issues (see, Code of Professional Responsibility EC 5-106; Matter of Weinstock, 40 NY2d 1), the Statute was not intended to address the issue of attorney overreaching. Rather, the Statute was intended to address the concern that testators might believe they would be reducing legal fees or commissions by appointing their attorneys as fiduciaries (see, Carp and Schlesinger, Disclosure Requirements For Attorney Serving as Executor, NYLJ, Sept. 14, 1995, at 1, col 1).
There is no reason that the public policy behind disclosure should not be afforded to a New York domiciliary who executes a will in another jurisdiction. In addition, commissions of a New York fiduciary are calculated in accordance with New York law (Matter of McConville, 225 AD2d 455; Matter of Strauss, 75 Misc 2d 454). The reduction of commissions pursuant to the Statute is equally a question of local law. Finally, the Statute states that compliance with the mandated disclosure shall be determined in the probate proceeding (SCPA 2307-a [7]). However, the court has the discretion to hold the issue in abeyance until the time of the accounting or other appropriate proceeding (Matter of Fleshler, 176 Misc 2d 583). Accordingly, the decree admitting the will to probate shall contain a provision that all issues as to the amount of commissions under SCPA 2307-a shall be determined in an appropriate future proceeding.

 Both wills nominated David Menea (Menea) and Adina Hirsch as executors. Ms. Hirsch has renounced. Mr. Menea is an Israeli citizen and nominated a New York attorney, David Laitman, as his co-executor (SCPA 707 [1] [c]).