The attorney general for the State of Alabama, acting on behalf of the district attorney for the twenty-third judicial circuit, filed this petition for a writ of prohibition directing Judge Laura W. Hamilton to vacate her order directing the district attorney's office to reindict Jason Sharp and to record and transcribe the grand jury proceedings. Sharp was originally indicted in 1999 for the offense of capital murder. In March 2001, Judge Hamilton granted Sharp's pretrial motion to suppress Sharp's inculpatory statements to police. Sharp then filed a motion to dismiss the indictment arguing that the indictment was based on those suppressed statements. The district attorney volunteered to reindict Sharp without using the suppressed statement.
In May 2002, Sharp was reindicted for capital murder. The reindictment proceedings, however, were not recorded. Sharp then filed an amended motion to dismiss the indictment, arguing that the district attorney had indicated that the grand jury proceedings would be recorded. Judge Hamilton ordered that the district attorney reindict Sharp within 60 days and that the grand jury proceedings be recorded. The order further stated that if the district attorney failed to reindict he was directed to appear before the court and show why he should not be found in contempt. The State filed a motion to reconsider. Judge Hamilton failed to rule on that motion; this petition followed. The State requested that we stay all proceedings *Page 568 
in the circuit court pending the outcome of this writ of prohibition. We stayed all action in the circuit court pending the disposition of this petition.
Both respondents, Judge Hamilton and Jason Sharp, initially argue that this petition should be dismissed because, they argue, it was not filed within the presumptively reasonable time period recognized in Rule 21(a), Ala.R.App.P. — 42 days. Judge Hamilton issued the order that is the subject of the petition on September 20, 2002. This order stated:
 "The District Attorney is ordered and directed to present this case to a sitting Grand Jury within 60 days for re-indictment and to record and transcribe the proceedings. The transcription shall be tendered to this Court for in camera review consistent with the Court's previous rulings.
 "Failing compliance with this order, the Court directs that the Honorable Tim Morgan, District Attorney appear before this Court on the 20th day of November, 2002, at 9:00 o'clock a.m. to show cause as to why he should not be held in contempt of Court and punished therefor."
The instant petition was filed on November 18, 2002 — more than 42 days from September 20, 2002.
The State has responded that the trial court's order gave the district attorney until November 20, 2002, to show why it should not be found in contempt of court and that the presumptively reasonable date for filing its petition should be calculated from November 20, 2002, and not September 20, 2002. We believe that it is prudent to give the district attorney the benefit of the doubt and to accept this petition as timely.
Moreover, the failure to file an extraordinary petition within the presumptively reasonable time will not deprive a reviewing court of jurisdiction to consider the merits of the petition as would the failure to file a timely notice of appeal. See Rule 4(b), Ala.R.App.P. Because the Court of Criminal Appeals has general superintendence over the circuit courts in criminal cases, we are compelled to notice that Judge Hamilton's order exceeded the scope of her jurisdiction; therefore, that order was void. "This court can review a jurisdictional issue at any time, even if the issue is not raised by the appellant." Lanier v.State, 733 So.2d 931, 935 (Ala.Crim.App. 1998), citing Nunn v.Baker, 518 So.2d 711, 712 (Ala. 1987).
The State argues that Judge Hamilton had no authority to order the district attorney to reindict Sharp and to record the proceedings and that her ruling violates the Alabama Rules of Criminal Procedure. It argues that the only ground raised in the amended motion to dismiss the indictment was the district attorney's failure to record the grand jury proceedings. It asserts that this is not a valid ground for dismissing an indictment. See Rule 13.5, Ala.R.Crim.P. Last, it cites Rule 12.8(f)(2), Ala.R.Crim.P., and argues that "[n]o inquiry into the sufficiency of the evidence before the Grand Jury will be indulged."
Judge Hamilton argues that she was within her jurisdiction to order that Sharp be reindicted in such a manner that she could ensure that the suppressed statement was not admitted as evidence before the grand jury. Sharp argues that Judge Hamilton had the authority under the facts and circumstances of the case to order the district attorney to reindict Sharp and to record the proceedings. Specifically, Sharp argues that the district attorney agreed to reindict Sharp and to record the *Page 569 
proceedings.[1] It further contends that the record of the grand jury testimony was necessary to determine if the indictment was based on legal evidence. Sharp's main argument in support of dismissing the indictment is that there was not sufficient evidence to indict him for capital murder.
In 1878, the Alabama Supreme Court recognized the independence of a grand jury when that court stated:
 "An indictment proceeds entirely from the grand jury — it is the result of their deliberations on the evidence produced before them. The court has no agency, in causing the finding of an indictment, and can exercise properly no influence, beyond charging the grand jury when impaneled, as to the duties they are required to perform, or advising them on their request subsequently, as to any matter of law.
 "While the grand jury is a constituent of a court of criminal jurisdiction, they are a distinct, independent body, and must so deliberate and act, free from influence, fear, favor, affection, reward, or the hope thereof, proceeding from or without the court."
Finley v. State, 61 Ala. 201, 204 (1878). See also Parsons v.Age-Herald Pub. Co., 181 Ala. 439, 61 So. 345 (1913).
As the Alabama Supreme Court more recently noted in PigglyWiggly No. 208, Inc. v. Dutton, 601 So.2d 907 (Ala. 1992):
 "In exposing and prosecuting crimes, district attorneys are members of the executive branch of state government. Dickerson v. State, 414 So.2d 998, 1008 (Ala.Crim.App. 1982). . . . See, also, 63A Am.Jur.2d Prosecuting Attorneys § 24 (1984):
 "`A duty rests upon the prosecuting attorney to prosecute in his county or district, on behalf of the people, all public offenses. Where a statute so provides, the prosecuting attorney must initiate proceedings for the prosecution of persons charged with or reasonably suspected of public offenses, when he has information that such offenses have been committed. But, as a general rule, if a prosecutor has possible cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, rests entirely in his discretion. In other words, the duty to prosecute is not absolute, but qualified, requiring of the prosecuting attorney only the exercise of a sound discretion, which permits him to refrain from prosecuting whenever he, in good faith and without corrupt motives or influences, thinks that a prosecution would not serve the best interests of the state, or that, under the circumstances, a conviction could not be had, or that the guilt of the accused is doubtful or not capable of adequate proof.
 "`A prosecutor is not subject to judicial supervision in determining what charges to bring and how to draft accusatory pleadings; he is protected from judicial oversight by the doctrine of separation of powers. Thus, it has been held that mandamus will not lie to compel a prosecuting attorney to institute a criminal prosecution, since the acts of a prosecuting attorney are not purely ministerial acts, but involve *Page 570 
in a large measure learning and the exercise of discretion.'"
601 So.2d at 910. Moreover, in Dickerson v. State,414 So.2d 998 (Ala.Crim.App. 1982), we stated:
 "While the office of district attorney may be enumerated in § 6.20(a) of Amendment No. 328 to the 1901 Alabama Constitution, the district attorney is not a judicial officer or a part of the judicial branch of government because of his office. . . .
 "The district attorney is a public officer representing the sovereign power of the people and has been defined as `the foremost representative of the executive branch of government in the enforcement of the criminal law in his county.' 27 C.J.S. District and Prosecuting Attorneys § 1(a) (1959). He is only an officer of the court to the extent that all attorneys are officers of the court. People v. Rodriguez, 13 Misc.2d 1004, 178 N.Y.S.2d 993 (1958), cert. denied, 362 U.S. 984, 80 S.Ct. 959, 4 L.Ed.2d 1009 (1959).
 "Amendment 328 does not give the judicial branch any power, authority, or control over the office of district attorney. No rule of judicial administration governs the office. Even the powers and duties of the district attorney make no reference to control and regulation by the judicial branch. Section 12-17-184, Code of Alabama 1975.
 "It is the obligation of the attorney general and the district attorney to expose and prosecute crimes. In re White, 53 Ala.App. 377, 300 So.2d 420, cert. denied, 293 Ala. 778, 300 So.2d 439 (1974). Such is not the primary function of the judicial branch of government."
414 So.2d at 1008.
Having cited cases that recognize that a trial court has no jurisdiction over what case is to be presented to a grand jury and how the district attorney presents that case to the grand jury, we also recognize that under Alabama law a trial court has jurisdiction to consider a motion to dismiss an indictment. See Rule 13.5, Ala.R.Crim.P. The grounds that will support a motion to dismiss are contained in Rule 13.5, Ala.R.Crim.P. Those grounds include objections to the venire, objections to the lack of legal qualifications of an individual grand juror, objections to the legal insufficiency of the indictment, or objections to the failure of the indictment to charge an offense. See Rule 13.5(c)(1), Ala.R.Crim.P.
Here, the basis for filing the motion to dismiss was Sharp's allegation that there was insufficient evidence to indict him for capital murder. Rule 12.8(f)(2), Ala.R.Crim.P., severely limits challenges to an indictment. It states:
 "(2) An indictment based solely on illegal evidence is subject to dismissal; however, an indictment is not subject to being dismissed on the ground that it is based upon insufficient evidence or is based in part upon illegal evidence. No inquiry into the sufficiency of the evidence before the grand jury will be indulged."
(Emphasis added.) As we stated in Douglas v. State,42 Ala.App. 314, 163 So.2d 477 (1963):
 "Indictments must come from evidence either (a) given viva voce by witnesses before the grand jury or (b) furnished by documents laid before that body. . . .
". . . .
 "The weight, credit and quantity of what evidence a grand jury receives is not a matter of enquiry once it is shown that that body had either a witness or a document before it." *Page 571 
42 Ala.App. at 327, 163 So.2d at 490. See also Wright v. State,421 So.2d 1324 (Ala.Crim.App. 1982); Evans v. State,338 So.2d 1033 (Ala.Crim.App. 1976).
There is no allegation that the grand jury had no witness or document before it at the time that Sharp was reindicted. It appears from the exhibits filed with the petition that an investigator did testify before the grand jury; however, we do not know how many other witnesses, if any, testified, or if any documentary evidence was presented. Attacking the sufficiency of the evidence presented to the grand jury is not a legal ground for challenging an indictment. Rule 13.5, Ala.R.Crim.P. Moreover, as the Alabama Supreme Court stated in Fikes v. State,263 Ala. 89, 97, 81 So.2d 303, 310 (1955), rev'd on other grounds,352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957), "If legal evidence is given . . . an indictment is not subject to be quashed because there was illegal evidence also given." In Nettles v. State,601 So.2d 132, 134 (Ala.Crim.App. 1992), we addressed a similar issue and stated:
 "The appellant argues that police misconduct occurred in obtaining the indictment. He alleges that the only witness who testified and could assist the grand jury in its factfinding efforts was Officer Parker. In McConico v. State, 458 So.2d 743 (Ala.Cr.App. 1984), this court held that the testimony of a single witness before the grand jury was sufficient to comply with the statutory requirements for indictments. See § 12-16-200, Code of Alabama 1975. Here, the record reveals that at least three witnesses testified before the grand jury. Moreover, no inquiry into the sufficiency of the evidence is indulged when it appears that witnesses were examined by the grand jury or that the grand jury had before them legal documentary evidence. See Coral v. State, 551 So.2d 1181 (Ala.Cr.App. 1989)."
A writ of prohibition is due to issue when the petitioner shows that a court exceeded the scope of its jurisdiction. See Exparte City of Tuskegee, 447 So.2d 713 (Ala. 1984). Judge Hamilton exceeded her jurisdiction by ordering the district attorney to reindict Sharp and to record the proceedings. Although Judge Hamilton had jurisdiction to consider the motion to dismiss, the ground raised in support of the motion was not a legal basis for challenging an indictment. See Rule 13.5, Ala.R.Crim.P.
For the reasons stated above, this petition is due to be, and is hereby, granted.
PETITION GRANTED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.
COBB, J., recuses herself.
[1] The district attorney has filed an affidavit; he disputes that he agreed to record the proceedings.