Matter of Assimakopoulos (2018 NY Slip Op 01440)





Matter of Assimakopoulos


2018 NY Slip Op 01440


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5906 1154/12

[*1]In re Paula Assimakopoulos, Deceased.
Eva Lana, Petitioner-Appellant,
v
Nicolle Assimakopoulos-Panuthos, Respondent-Respondent.


Eva Lana, appellant pro se.
Nicolle Assimakopoulos-Panuthos, respondent pro se.



Decree, Surrogate's Court, New York County (Rita Mella, S.), entered on or about September 25, 2013, which, among other things, granted limited ancillary letters of administration c.t.a. to cross petitioner Nicolle Assimakopoulos-Panuthos, and bringing up for review an order, same court and Surrogate, entered on or about June 26, 2013, which denied petitioner Eva Lana's motion to renew, unanimously reversed, on the law and the facts, without costs, the decree vacated, the letters revoked, and letters of administration c.t.a. issued to the Public Administrator of New York County.
Based on the evidence presented by petitioner Eva Lana on her motion to renew, the court should have granted renewal, and upon renewal, determined that decedent was a New York domiciliary.
Even if the Florida court had decided that decedent was a domiciliary of that state, "the decree of the State of original probate is not conclusive on the question of domicile or residence" (Matter of Cornell, 267 NY 456, 462 [1935], cert denied 297 US 708 [1936]). Accordingly, this Court may make an independent inquiry into domicile (see Matter of Neumayer, 168 Misc 173, 179 [Sur Ct, Oneida County 1938], appeal dismissed 256 App Div 1039 [4th Dept 1939]).
Assimakopoulos-Panuthos failed to meet her burden of showing, by clear and convincing evidence, that decedent had changed her domicile from New York to Florida (see Matter of Ranftle, 108 AD3d 437, 441 [1st Dept 2013], affd 22 NY3d 1146 [2014], cert denied 135 S Ct 270 [2014]). The documentation submitted by petitioner in support of her motion to renew, showed that decedent voted in New York, her driver's license was from New York, and her passport application used her New York address (see Matter of Winkler, 171 AD2d 474, 475 [1st Dept 1991], lv dismissed 78 NY2d 908 [1991]). She filed New York State tax returns (see Ranftle, 108 AD3d at 439), and her will and death certificate said she was from New York (see Matter of Gadway, 123 AD2d 83, 86 [3d Dept 1987]). Moreover, when decedent left New York for Florida in July 2009, she said she intended to return, but never did because of medical complications (see Matter of Lockwood, 147 NYS2d 106, 107-110 [Sur Ct, Suffolk County 1955]).
Since decedent was a New York domiciliary, ancillary probate in this state is inappropriate, even though her will has already been probated in Florida (Matter of Rosenak, 184 Misc 2d 807, 809 [Sur Ct, Kings County 2000]; see also Matter of Beban, 135 Misc 25, 34 [Sur Ct, NY County 1929]). Therefore, the grant of ancillary letters to Assimakopoulos-Panuthos is revoked, and nonancillary letters are granted to the Public Administrator.
The choice of the Public Administrator is appropriate given the inability of decedent's daughters (Lana and Assimakopoulos-Panuthos) to work together; we note that the court [*2]appointed the Public Administrator as the administrator of the sisters' father's estate (see Estate of Nick Assimakopoulos, 2017 WL 2937491, *1, 2017 NYLJ LEXIS 1760, *1 [Sur Ct, NY County, July 5, 2017, No. 2011-874/B]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK